THE STATE OF OHIO, APPELLANT, *v.* CARGILE, APPELLEE.

[Cite as *State v. Cargile,* 123 Ohio St.3d 343, 2009-Ohio-4939.]

*A person who is taken to a detention facility after his arrest and who possesses a drug of abuse at the time he enters the facility meets the actus reus requirement for a violation of R.C. 2921.36(A)(2).*

(No. 2008-1452 — Submitted May 19, 2009 — Decided September 24, 2009.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 89964, 2008-Ohio-2783.

_____

SYLLABUS OF THE COURT

A person who is taken to a detention facility after his arrest and who possesses a drug of abuse at the time he enters the facility meets the actus reus requirement for a violation of R.C. 2921.36(A)(2).

_____

CUPP, J.

{¶ 1} This case presents the question whether a person who is taken to a detention facility after his arrest and who at the time of entering the facility possesses a drug of abuse has voluntarily conveyed a drug of abuse onto the grounds of a detention facility and can therefore be found guilty of violating R.C. 2921.36(A)(2). We answer the foregoing question in the affirmative and, therefore, reverse the court of appeals' judgment.

I

{¶ 2} In March 2007, appellee, Cleveland Cargile, was arrested on charges of robbery. At the time of the arrest, the arresting officer conducted a pat-down search of Cargile. Another pat-down by the arresting officer was conducted before Cargile was placed into the police car for transport to the

detention facility. The officer did not discover any illegal weapons or drugs in Cargile's possession as a result of these searches.

{¶ 3} Prior to taking Cargile into the detention facility for processing, the arresting officer admonished Cargile twice that he should tell the officer if he had any drugs or weapons on him because bringing such items into the jail would likely cause him to be charged with a felony. Cargile responded that he did not possess anything that the officer needed to be concerned about.

{¶ 4} An officer conducted a search of Cargile in the detention facility before he was placed in a jail cell. Suspicious of Cargile's evasive leg movements during this search, the officer focused his search on Cargile's legs and discovered marijuana hidden inside one of Cargile's pants cuffs.

{¶ 5} Cargile was indicted on two counts of robbery and one count of illegal conveyance of prohibited items onto the grounds of a detention facility. The jury found Cargile not guilty of both robbery counts but returned a guilty verdict on the illegal-conveyance count. The trial court sentenced Cargile to two years in prison.

{¶ 6} Cargile appealed, and the appellate court vacated the conviction. The court held that because Cargile had entered the detention facility only as a result of his arrest and not through his own affirmative conduct, his conveyance of drugs into that facility was not voluntary for the purposes of R.C. 2921.36(A)(2). *State v. Cargile*, Cuyahoga App. No., 89964, 2008-Ohio-2783, at ¶ 11.

{¶ 7} The state appealed to this court, and we accepted review under our discretionary jurisdiction. *State v. Cargile,* 120 Ohio St.3d 1415, 2008-Ohio-6166, 897 N.E.2d 651.

## II

{¶ 8} Under fundamental concepts of criminal law, a person is not guilty of an offense unless both of the following apply:

{¶ 9} "(1) The person's liability is based on conduct that includes either a voluntary act, or an omission to perform an act or duty that the person is capable of performing [i.e., the actus reus];

{¶ 10} "(2) The person has the requisite degree of culpability for each element as to which a culpable mental state is specified by the section defining the offense [i.e., the mens rea]." R.C. 2901.21(A).

{¶ 11} In this case, Cargile was charged with violating R.C. 2921.36(A)(2), which prohibits the knowing conveyance, or attempted conveyance, of any drug of abuse onto the grounds of a detention facility. Cargile does not dispute that he knew that drugs were in his pants cuff, that he possessed the culpable mental state for an R.C. 2921.36(A)(2) violation, or that the jail is a detention center for purposes of R.C. 2921.36(A)(1). The sole issue presented in this appeal is whether Cargile voluntarily conveyed drugs into the jail.

### III

*A*

{¶ 12} The court of appeals held that entering the detention facility with drugs in his pants cuff was not a voluntary act by Cargile, because at the time of his entry, he was under arrest. Because his arrest and transport to the detention facility deprived him of the fundamental right to freedom, the court of appeals held, his presence in the facility was a wholly involuntary act on his part.

{¶ 13} We disagree with the court's analysis and conclude that Cargile's conduct constituted a voluntary act. Although Cargile did not have any choice whether to go to jail following his arrest, the fact that his entry into the jail was not of his volition does not make his conveyance of drugs into the detention facility an involuntary act. He was made to go into the detention facility, but he did not have to take the drugs with him.

{¶ 14} Conscious and aware of the physical presence of the drugs hidden in his pants cuff, Cargile did not reveal his possession of the drugs during any of

the searches. Moreover, Cargile affirmatively concealed the drugs by stating to the arresting officer that he did not possess anything the officer needed to be concerned about, despite the warning Cargile received that if he brought drugs into the detention facility he would be committing a felony. Cargile declined opportunities to end his possession of the drugs before entering the facility. Accordingly, Cargile's possession of the drugs when he entered the detention facility was a voluntary act, and thus he was criminally liable under R.C. 2921.36(A)(2).

*B*

{¶ 15} Cargile argues that once he was arrested, he had a constitutional right to remain silent, and if he had admitted to possessing drugs, he would have incriminated himself. However, there is no indication that Cargile invoked his constitutional privilege to remain silent and avoid self-incrimination at the time of the arrest or that he argued a violation of this right before the trial court. Cargile failed to raise this claim and has thereby waived it. *State v. Awan* (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277, syllabus.

{¶ 16} Moreover, this challenge lacks merit. Cargile's argument is based on a faulty premise: that the right to remain silent and avoid self-incrimination also includes the privilege of lying or providing false responses to direct questions. Despite the several warnings the officer gave Cargile about bringing drugs into a detention facility, Cargile actively denied possessing any drugs. The constitutional right to remain silent does not confer upon a defendant the privilege to lie, *Brogan v. United States* (1998), 522 U.S. 398, 404, 118 S.Ct. 805, 139 L.Ed.2d 830, or the right to be protected from having to make difficult choices regarding whether to invoke the right to remain silent, *State v. Canas* (Iowa 1999), 597 N.W.2d 488, 496, overruled on other grounds by *State v. Turner* (Iowa 2001), 630 N.W.2d 601; *State v. Carr* (Sept. 26, 2008), Tenn.Crim.App. No.

M2007-01759-CCA-R3-CD, 2008 WL 4368240. Thus, this constitutional protection does not apply to Cargile's conduct.

*C*

{¶ 17} Cargile additionally asserts that R.C. 2921.36 is not aimed at prisoners. He claims that the intent of R.C. 2921.36 is to prevent visitors, employees, or other nonprisoners from bringing drugs or other contraband into a detention facility, and because he was not a visitor, employee, or other nonprisoner, R.C. 2921.36 does not apply to him.

{¶ 18} In reviewing statutory provisions, courts are constrained to look to the statutory language and the " 'purpose to be accomplished.' " *State ex rel. Richard v. Bd. of Trustees of the Police & Firemen's Disability & Pension Fund* (1994), 69 Ohio St.3d 409, 411, 632 N.E.2d 1292, quoting *State v. S.R.* (1992), 63 Ohio St.3d 590, 594-595, 589 N.E.2d 1319. "Words used in a statute must be taken in their usual, normal or customary meaning * * * [and it] is the duty of the court to give effect to the words used and not to insert words not used." Id. at 412.

{¶ 19} We find no language within the statute to support Cargile's interpretation. R.C. 2921.36 applies uniformly to all persons and provides a blanket prohibition: "*No person* shall knowingly convey" weapons or drugs onto the grounds of a detention facility. (Emphasis added.) This statute is broadly written. We reject Cargile's interpretation, which would not only change the language of the statute but would also limit the purposes to be accomplished by its proscriptions.

**IV**

{¶ 20} For the foregoing reasons, we hold that a person who is taken to a detention facility after his arrest and who possesses a drug of abuse at the time he enters the facility meets the actus reus requirement for a violation of R.C. 2921.36(A)(2). The judgment of the court of appeals is reversed, and the cause is

remanded to the appellate court to consider the assignments of error that it held were moot.

Judgment reversed

and cause remanded.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and LANZINGER, JJ., concur.

_____

William D. Mason, Cuyahoga County Prosecuting Attorney, and Kristen L. Sobieski, Assistant Prosecuting Attorney, for appellant.

Jerome Emoff, for appellee.

Timothy Young, Ohio Public Defender, and Melissa M. Prendergast, Assistant Public Defender, urging affirmance for amicus curiae, Ohio Public Defender.

_____