[Cite as *State v. James*, 2016-Ohio-7825.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,

      v.

MARK A. JAMES,

      DEFENDANT-APPELLANT.

CASE NO. 13-16-17

O P I N I O N

Appeal from Seneca County Common Pleas Court
Trial Court No. 15-CR-0196

Judgment Affirmed

Date of Decision:  November 21, 2016

APPEARANCES:

    *W. Alex Smith* for Appellant

    *Angela M. Boes* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Mark A. James ("James") brings this appeal from the judgment of the Court of Common Pleas of Seneca County. On appeal, James argues that the trial court erred by 1) failing to grant his motion for acquittal and 2) denying him due process rights. For the reasons set forth below the judgment is affirmed.

{¶2} James was arrested immediately after selling drugs to a confidential informant. Tr. 421-22. He was patted down, but was not fully searched. Tr. 423-24. The officer notified James of his rights, and then asked James if he had any drugs on his person. Tr. 421-23. James claimed he did not. Tr. 423-24. Prior to taking James to the Seneca County Jail, officers repeatedly warned him of the consequences of not telling them about any drugs he had in his possession when he went to the jail. Tr. 192 and 398-99. The police took him to the Seneca County Jail where he was strip searched and found to have drugs on his person. Tr. 194.

{¶3} On September 14th, 2015, the Seneca County Grand Jury indicted James on six counts: 1) Trafficking in heroin in violation of R.C. 2925.03(A)(1),(C)(6)(c), a felony of the fourth degree; 2) Trafficking in heroin in violation of R.C. 2925.03(A)(2),(C)(6)(c), a felony of the fourth degree; 3) Illegal conveyance of any drug of abuse onto the grounds of a detention facility in violation of R.C. 2921.36(A)(2), (G)(2), a felony of the third degree; 4) Trafficking in heroin in violation of R.C. 2925.03(A)(2),(C)(6)(c), a felony of the fourth degree; 5)

Possession of cocaine in violation of R.C. 2925.11(A),(C)(4)(a), a felony of the fifth degree; and 6) Possessing criminal tools in violation of R.C. 2923.24(A),(C), a felony of the fifth degree. Doc. 2. James entered pleas of not guilty to all of the charges. Doc. 15. A jury trial was held from May 9 to May 12, 2016. The jury returned verdicts of guilty on all six counts. Doc. 67. Immediately following the trial, the trial court proceeded to sentence James. Doc. 69. The trial court ordered James to serve an aggregate sentence of 96 months in prison. *Id.* This sentence was also ordered to be served consecutive to one imposed by the Hancock County Common Pleas Court. *Id.* James filed his notice of appeal from this judgment. Doc. 75. On appeal, James raises the following assignments of error.

### First Assignment of Error

**The trial court erred when it denied [James'] motion for acquittal under Ohio Rules of Criminal Procedure 29.**

### Second Assignment of Error

**The trial court denied [James'] due process rights under the 5th and 14th Amendment and Article 1 Section 10 of the Ohio Constitution.**

{¶4} In his first assignment of error, James alleges that the trial court erred by denying his motion for acquittal as to Count 3 of the indictment, transporting drugs into the detention facility.

> **A motion for acquittal under Crim.R. 29(A) is governed by the same standard as one for determining whether a verdict is**

> **supported by sufficient evidence. See *State v. Carter*, 72 Ohio St.3d 545, 553, 1995-Ohio-104; *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52. An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.**

*State v. Shoemaker*, 3d Dist. Union No. 14-06-12, 2006-Ohio-5159, ¶ 59. The charge challenged on appeal in this case was that James had illegally conveyed prohibited items, i.e. drugs, onto the grounds of a detention facility in violation of R.C. 2921.36. To prove this claim, the state had to show that James (1) knowingly conveyed or attempted to convey onto the grounds of (2) a detention facility (3) a drug of abuse. R.C. 2921.36.

{¶5} At no time does James deny that he had the drugs on his person when he was taken to the jail. James instead argues that since he did not voluntarily enter the jail, he could not have voluntarily conveyed the drugs into the jail and that he had a fifth amendment right not to disclose that he had the drugs. This issue has previously been addressed by the Ohio Supreme Court in *State v. Cargile*, 123 Ohio St.3d 343, 2009-Ohio-4939, 916 N.E.2d 775.

{¶6} In *Cargile*, the defendant was arrested on a robbery charge. *Id*. at ¶ 2. Before taking Cargile to jail, the arresting officer questioned him as to whether he had any drugs or weapons on him and warned him of the consequences of having them when he arrived at the jail. *Id*. at ¶ 3. Cargile denied having any drugs stating that he had nothing of concern. *Id*. At the jail, Cargile was again searched and

found to have marijuana hidden in his pants cuffs. *Id*. at ¶ 4. Cargile was charged with conveying prohibited items onto the grounds of a detention facility and was found guilty. *Id*. at ¶ 5. The conviction was appealed and the appellate court reversed the conviction on the grounds that Cargile's actions were not voluntary. *Id*. at ¶ 6.

{¶7} The State appealed the ruling to the Ohio Supreme Court. *Id*. at ¶ 7. The Court held that the defendant had voluntarily conveyed the drugs onto the grounds. *Id*. at ¶ 14.

> **Although Cargile did not have any choice whether to go to jail following his arrest, the fact that his entry into the jail was not of his volition does not make his conveyance of drugs into the detention facility an involuntary act. He was made to go into the detention facility, but he did not have to take the drugs with him.**
>
> **Conscious and aware of the physical presence of the drugs hidden in his pants cuff, Cargile did not reveal his possession of the drugs during any of the searches. Moreover, Cargile affirmatively concealed the drugs by stating to the arresting officer that he did not possess anything the officer needed to be concerned about, despite the warning Cargile received that if he brought drugs into the detention facility he would be committing a felony. Cargile declined opportunities to end his possession of the drugs before entering the facility. Accordingly, Cargile's possession of the drugs when he entered the detention facility was a voluntary act, and thus he was criminally liable under R.C. 2921.36(A)(2).**

*Id*. at ¶13-14.

{¶8} Cargile also argued that he was protected from having to admit to possession of the drugs by the Fifth Amendment right to remain silent. *Id*. at ¶ 15. The Court found this argument to be meritless. *Id.* at ¶ 16.

> **Cargile's argument is based on a faulty premise: that the right to remain silent and avoid self-incrimination also includes the privilege of lying or providing false responses to direct questions. Despite the several warnings the officer gave Cargile about bringing drugs into a detention facility, Cargile actively denied possessing any drugs. The constitutional right to remain silent does not confer upon a defendant the privilege to lie \* \* \*or the right to be protected from having to make difficult choices regarding whether to invoke the right to remain silent. \* \* \* Thus, this constitutional protection does not apply to Cargile's conduct.**

*Id*. at ¶ 16. The Court concluded by holding that a person arrested and taken to a detention facility, who happens to be in possession of a drug of abuse when he enters the facility, meets the requirements of violating R.C. 2921.36(A)(2). *Id*. at ¶ 20.

{¶9} The *Cargile* ruling is directly on point to the situation before this court. James was placed under arrest, given notice of his rights, and patted down. Tr. 398. Detective Sean Vallery ("Vallery") testified that when he performed the pat down search of James, Vallery asked James "if he had anything on him that I should be concerned with like drugs, weapons, or needles." Tr. 423. James stated that he did not. Tr. 423. After the pat down search, Detective Charles Boyer spoke with James and warned him of the consequences of having drugs on him when he was taken to the jail. Tr. 192. This warning was repeated multiple times. Tr. 193. However, James did not respond to the warnings in any way. Tr. 192-93. Later, Detective Donald Joseph ("Joseph") warned James that if he had any drugs on him, he needed to tell Joseph because James would face more serious charges if he took the drugs

into the facility. Tr. 398. Joseph testified that at that time, James did not respond to him either. Tr. 398.

{¶10} The evidence was clear that James was warned numerous times of the consequences of having drugs on his person when he arrived at the jail. On one occasion, he lied to the officer and claimed he did not have any drugs on him. The remainder of the time, he refused to respond to the officers' questions. When they arrived at the facility, he was found to be in possession of drugs when searched at the facility. Thus, pursuant to the holding in *Cargile*, James' conveyance of the drugs of abuse into the detention facility was voluntary and subject to penalty under R.C. 2921.36(A)(2). The trial court did not err in denying the motion for acquittal and the first assignment of error is overruled.

{¶11} In the second assignment of error, James claims that he was denied due process because the trial court did not instruct the jury regarding the voluntariness of the conveyance of the drugs onto the grounds of the facility. James argues that the trial court failed to allow the jury to consider whether his action was voluntary as well as knowing, thus not requiring the State to prove the actus reus of the offense. The problem with this argument is that the Ohio Supreme Court, as discussed above, has already determined that failing to inform the officers of drug possession when being taken to jail is a voluntary action which "meets the actus reus requirement for a violation" of the statute. *Cargile, supra* at ¶ 20. Thus the

trial court did not err in not instructing the jury regarding whether the action was voluntary. The second assignment of error is overruled.

**{¶12}** Having found no error in the particulars assigned and argued, the judgment of the Court of Common Pleas of Seneca County is affirmed.

*Judgment Affirmed*

**SHAW, P.J. and PRESTON, J., concur.**

**/hls**