# IN THE COURT OF APPEALS OF IOWA

No. 17-0612
Filed January 24, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LAVERN DEARBORN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Fayette County, John J. Bauercamper, Judge.

        Laverne Dearborn appeals from his convictions and sentences for the offenses of possession of a controlled substance within a jail, and burglary in the third degree.

        **REVERSED IN PART, SENTENCES VACATED, AND REMANDED FOR FURTHER PROCEEDINGS.**

        John J. Bishop, Cedar Rapids, for appellant.

        Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

        Considered by Danilson, C.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Laverne Dearborn appeals from his convictions and sentences for the offenses of possession of a controlled substance (marijuana) within a jail and burglary in the third degree, both class "D" felonies. He contends his trial counsel was ineffective in permitting him to plead guilty to burglary in the third degree when the record did not support a factual basis for the charge. Dearborn also contends that, because the district court did not adequately inform him of the nature of the charges as required by Iowa Rule of Criminal Procedure 2.8(2)(b), his plea was not knowingly and voluntarily made and his trial counsel was therefore ineffective in permitting him to plead guilty to both charges. Upon our review, we vacate the conviction on the burglary charge and remand for further proceedings.

### I. Background Facts and Proceedings.

On December 29, 2016, a resident of Arlington, Iowa reported to the Fayette County Sheriff's Office that she observed two persons enter and remove items from an abandoned house that had been condemned by the city.[1] Following the report, a deputy contacted the mayor, who confirmed the city did not grant anyone permission to enter the property or to remove items. Deputies located Dearborn in a residence next door to the abandoned house. In a conversation with the deputies, Dearborn admitted to entering the abandoned house and to removing several items. Dearborn was arrested for burglary and transported to the Fayette County Jail.

---

[1] The items removed include a trellis, a decorative plate, and a straw basket.

Upon arrival at the Fayette County Jail, Dearborn was twice asked, once by a deputy and once by a jailer, if he possessed any guns, knives, drugs, or other contraband on him, to which he replied "no." Dearborn was taken to a booking area. A detention officer searched Dearborn and found two bags of marijuana in his front pockets.

Dearborn was charged by trial information with introducing, possessing, and/or conveying a controlled substance (marijuana) into or within a jail (Count I), in violation of Iowa Code section 719.7 (2016), and burglary in the third degree (Count II), in violation of section 713.6A. Dearborn initially entered a plea of not guilty. The State then filed a motion to amend the trial information to allege Dearborn was a habitual offender.[2] Following a plea agreement, the State agreed to withdraw the habitual-offender sentencing enhancement and to recommend imposition of suspended, consecutive sentences with probation. On April 5, 2017, Dearborn appeared before the district court and entered *Alford* pleas on the marijuana and burglary charges.[3]

During the plea hearing, the court inquired into the terms of the plea agreement. The State noted that part of the reason for the plea agreement was its concern over whether the structure Dearborn entered "would be considered an occupied structure or not." Dearborn's trial counsel mirrored the same concerns

---

[2] If convicted as a habitual offender, Dearborn could be sentenced to a term not to exceed fifteen years with a mandatory minimum of three years for each offense. Iowa Code §§ 902.8, .9. So, with the sentencing enhancement, Dearborn faced a maximum sentence of thirty years imprisonment. Although the State was granted leave to amend the trial information, the trial information was never formally amended.

[3] An *Alford* plea allows a defendant to maintain innocence while acknowledging the prosecution has enough evidence to win a conviction. *See North Carolina v. Alford*, 400 U.S. 25, 32-38 (1970).

stating, "I was concerned that there may not be a factual basis for a plea" but ultimately believed there was a factual basis for the plea "inasmuch as the house was a place for safekeeping of valuables."

The district court accepted Dearborn's pleas to both the marijuana and burglary charges, finding that a factual basis for the pleas existed and that the pleas were knowingly and voluntarily made. Dearborn requested immediate sentencing, and the court ordered Dearborn to serve a term not to exceed five years in prison on each charge. The prison sentences were suspended, and Dearborn was placed on supervised probation for a term of two-to-five years. The court ordered that if the prison sentences were later imposed, they would be served consecutive to each other.

Dearborn appeals. He contends his trial counsel was ineffective in permitting him to plead guilty to third-degree burglary when the record did not support a factual basis for that charge. Dearborn also contends his trial counsel was ineffective in permitting him to plead guilty to both charges because his pleas were not intelligently and voluntarily made because the district court did not adequately inform him of the nature of the charges required by rule 2.8(2)(b).

## II. Standard of Review.

We review ineffective-assistance-of-counsel claims, which are rooted in the Sixth Amendment of the United States Constitution, de novo. *See State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015); *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013); *see also Everett v. State*, 789 N.W.2d 151, 159 (Iowa 2010). "In a criminal case, an ineffective-assistance-of-counsel claim 'need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for

postconviction relief purposes.'" *Everett*, 789 N.W.2d at 156 (quoting Iowa Code § 814.7(1)). However, such claims may be raised on direct appeal when the record is adequate to permit a ruling. *See Finney*, 834 N.W.2d at 49; *State v. Willis*, 696 N.W.2d 20, 22 (Iowa 2005). The record here allows us to review Dearborn's ineffective-assistance claims on direct appeal.

### III.  Discussion.

#### A.  Lack of Factual Basis—Burglary Charge.

Dearborn argues his trial counsel was ineffective for allowing him to plead guilty to burglary in the third degree without a factual basis. Dearborn entered an *Alford* plea to the charge of burglary in the third degree. He claims the minutes of testimony provided no evidence that he entered an "occupied structure," a necessary element of the burglary offense.

To succeed on a claim of ineffective assistance of counsel, Dearborn must demonstrate "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Where a factual basis for a charge does not exist, and trial counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty." *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). In such a case, prejudice is inherent. *See id.*

Before accepting a plea of guilty, the court must determine the plea has a factual basis. *See* Iowa R. Crim. P. 2.8(2)(b); *State v. Sisco*, 169 N.W.2d 542, 548 (Iowa 1969). "This requirement exists even where the plea is an *Alford* plea." *Schminkey*, 597 N.W.2d at 788. "The factual basis must be contained in the

record, and the record, as a whole, must disclose facts to satisfy all elements of the offense." *State v. Ortiz*, 789 N.W.2d 761, 767-68 (Iowa 2010). A factual basis may be determined from (1) statements of the defendant; (2) statements of the prosecutor; (3) examination of the presentence report; and (4) the minutes of evidence. *See id.* at 768; *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). We need only be satisfied the facts support the crime, "not necessarily that the defendant is guilty." *State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001) (quoting 1A Charles Alan Wright, Federal Practice and Procedure § 174, at 199 (1999)). Therefore, our first and only inquiry is whether the record shows a factual basis for Dearborn's plea.

Relevant portions of the plea hearing follow:

THE COURT: Mr. Dearborn is charged by trial information with Count I, introducing, possessing, or conveying a controlled substance into or within a jail; and Count II, burglary in the third degree.

It's the court's understanding that the prior not guilty plea will be withdrawn pursuant to a plea agreement. Would counsel please present the plea agreement to the court?

. . . .

[THE STATE]: Some of the reason the State recognizes for the *Alford* pleas is the situation, it's under *State v. Rooney*, [862 N.W.2d 367 (Iowa 2015)], as to whether or not it would be–this structure, which is a house that was vacant, the City of Arlington acquired ownership of it, whether that would be considered an occupied structure or not. So that's part of the plea agreement and part of the reason the State is willing to extend the offer that we did. . . .

THE COURT: Sir, you also have a right to change your mind about pleading guilty or using the *Alford* plea to be found guilty this morning. Anytime you change your mind and want to stop, interrupt me, tell me you've changed your mind. Nothing you have said up to that time would ever be used against you in court later. Do you understand your right to change your mind?

[DEARBORN]: Yes, sir.

. . . .

THE COURT: Does the State want to make any further factual

basis on the *Alford* plea?

[THE STATE]: The only thing I would note, Your Honor, again, related to the *State v. Rooney* case, that would certainly be a fact question for the jury, but we would be able to distinguish the condition of this house, the one that was cited in that case, that was demolished four days after the burglary in that matter, the walls inside had been ripped with wires stripped, transients had been sleeping in it and there were some minor fires. Our house is vacant, but it was still standing, was not in that type of condition or under those circumstances.

So I would just like to have the record reflect that because that issue didn't come up at the time of the police officer's report. Other than that we do have photographs of the defendant leaving the residence and carrying things from it, and we also have a video where when they searched him in the booking area that he did have some marijuana present in his pocket.

. . . .

THE COURT: And as to the burglary, the State would have to prove that you entered a building, the building was built for the purpose of being used as a residence, there was no one living there at the time, and it had been taken over by the State of Iowa, or the City of Arlington rather, and there were items of some value inside, you entered it without permission when it wasn't open to the public, you went in there for the purpose of taking items, personal items, out of that residence and put them to your own use rather than leaving them for use and ownership by the owner of the premises. Do you understand those requirements?

[DEARBORN]: Yes, Your Honor.

. . . .

[DEARBORN'S COUNSEL]: Judge, I would like to make just a short record on the count of the burglary. I did raise that when I was investigating the case and hearing the defense, that case [the prosecutor] mentioned, I was concerned that there may not be a fact basis for a plea or that it could result in potential judgment of acquittal on the burglary case, or have a marshaling instruction because the house was condemned by the City of Arlington.

However, I believe there is a fact basis for the Alford plea inasmuch as the house was a place for safekeeping of valuables. It wasn't habitable for humans. I guess there was cats and dogs and vermin going in there, but it was a place for safekeeping of valuables, which meets the statutory definition in the case.

THE COURT: Certainly even a garage would qualify.

[DEARBORN'S COUNSEL]: Yes, sir. And I want to state for the record I did fully go over those concerns with my client, and he gave me permission to proceed as we are proceeding today.

The minutes of testimony indicate Dearborn entered an abandoned house that had been condemned by the city and that he took items out of the house (a trellis, decorative plate, and a straw basket). During the plea colloquy, the State and Dearborn's trial counsel each conveyed a tangible concern whether the house Dearborn entered would qualify as an "occupied structure."

In order to prove Dearborn committed burglary, the State had the burden to prove Dearborn entered an "occupied structure." See Iowa Code § 713.1. Two elements or prongs make up the definition of "occupied structure." Iowa Code § 702.12; see also *Rooney*, 862 N.W.2d at 376. The first element is related to place, and the second element is related to activity, purpose, or use. *Rooney*, 862 N.W.2d at 376 (citing *State v. Pace*, 602 N.W.2d 764, 769 (Iowa 1999)). Dearborn concedes the first element related to place is satisfied. However, "even when the place element of burglary is clearly met, we must move on to the activity or purpose prong of the definition of occupied structure." *Id.* In this case, the activity or purpose prong is met by showing the occupied structure is adapted for overnight accommodation or used for the safe keeping of anything valuable.[4] Iowa Code § 702.12. To apply the adapted-for-overnight-accommodation alternative, the State must show the structure was adapted for overnight accommodation at the time Dearborn entered it. *See Rooney*, 862 N.W.2d at 377. Our supreme court in *Pace* defined the term "adapt" as "to make fit, often by modification." 602 N.W.2d at 772 (quoting Merriam-Webster's Collegiate Dictionary 13 (10th ed. 1998)).

---

[4] Iowa Code section 702.12 provides for a third alternative—"occupied by persons for the purpose of carrying on business or other activity therein"—that is not applicable in the present case.

In the alternative, the State may show the structure was used for the safe keeping of anything valuable. Iowa Code § 702.12. This requires "more than the mere fact there is some scrap that might be ripped out of a dilapidated building with some marginal economic value. If this were true, every structure that contained a nail or a screw or a plank might be an occupied structure under the statute." *Rooney*, 862 N.W.2d at 378.

There is nothing in the record before us indicating the structure was adapted for overnight use at the time Dearborn entered or that the structure was used for the safekeeping of anything valuable. That the property was not adapted for overnight use when Dearborn entered is bolstered by the abandoned and condemned nature of the structure. The items taken by Dearborn appear to be items abandoned by the previous owner of the property. There is no indication in the record that the house was being used to store anything of value. Based on the in-court colloquy and the minutes of testimony, we do not believe a sufficient factual basis for the burglary plea was established.

Where it is possible to show a factual basis, it is appropriate to vacate the burglary conviction and remand the case to the district court to give the State an opportunity to establish a factual basis. *Schminkey*, 597 N.W.2d at 792. There may be additional facts and circumstances that do not appear in the record that would support the occupied-structure element of burglary. Therefore, we vacate the conviction on the burglary charge and remand for further proceedings. In view of our disposition of this charge, we need not address Dearborn's argument that his plea to the burglary charge was not knowing and voluntary.

**B. Knowing and Voluntary—Marijuana Charge.**

In vacating only one conviction, we must still address Dearborn's other allegation of ineffective assistance of counsel. Dearborn contends his trial counsel was ineffective in permitting him to plead guilty to the marijuana charge when his plea was not knowing and voluntary because the district court did not adequately inform him of the nature of the charge as required by Iowa Rule of Criminal Procedure 2.8(2)(b).

Failure to make such a knowing and intelligent waiver of constitutional rights results in the violation of the Due Process Clauses under the Fifth and Fourteenth Amendments to the United States Constitution. *Rhoades v. State*, 848 N.W.2d 22, 28 (Iowa 2014). Under Iowa rules of criminal procedure:

> The court . . . shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis. Before accepting a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
> (1) The nature of the charge to which the plea is offered.

Iowa R. Crim. P. 2.8(2)(b)(1). Dearborn claims during his plea hearing the court failed to inform him the offense of possessing a controlled substance within a jail required the State to prove he *knowingly* possessed the marijuana in the jail, i.e., that he had a "conscious awareness" that he was in possession of the marijuana in the jail. *See* Iowa Code § 719.7(3)(c).[5] However, the record belies Dearborn's claim. The following transpired during the colloquy at the plea hearing.

---

[5] Iowa Code § 719.7(3)(c) provides: "A person commits the offense of possessing contraband if the person . . . Knowingly . . . possess contraband while confined in . . . jail . . ., or while being transported or moved incidental to confinement." By trial information, Dearborn was charged with "INTRODUCING, POSSESSING and/or CONVEYING A CONTROLLED SUBSTANCE INTO OR WITHIN A JAIL," alleging he introduced marijuana "into or onto the grounds of the Fayette County Jail," and/or possessed marijuana "while confined in the Fayette County Jail or while being transported or moved incidental to confinement, in violation of Iowa Code section 719.7 of the 2016 Code of

> THE COURT: Anything else, [Dearborn's counsel]?
>
> [DEARBORN'S COUNSEL]: I just think, Your Honor, he had to knowingly and intentionally possess the controlled substances in the jail. I think that has to be in the record.
>
> THE COURT: Yes. The State would have to prove that you knew you had possession of marijuana. Do you understand that?
>
> [DEARBORN]: Yes, sir.
>
> THE COURT: Okay. Do you want to go ahead and finish this *Alford* plea and have me find you guilty, or do you want to stop and change your mind?
>
> [DEARBORN]: I want to continue, please, Your Honor.

The record as a whole demonstrates Dearborn was informed of and understood the elements of the crime and the nature of the charge. *See State v. Philo*, 697 N.W.2d 481, 488 (Iowa 2005) (citations omitted). We conclude Dearborn was informed the nature of the charge, including that the State must prove he *knowingly* possessed a controlled substance—marijuana—in the jail, and such plea was knowing and voluntary. Dearborn's counsel, therefore, did not fail to perform an essential duty. We therefor affirm Dearborn's conviction for possessing a controlled substance within a jail, subject to the following disposition.

## IV. Disposition.

Because it may be possible to establish a factual basis for the burglary charge, we vacate the conviction on the burglary charge and remand the case to the district court to give the State the opportunity to establish a factual basis. *See Schminkey*, 597 N.W.2d at 792. If the State can establish a factual basis for the burglary charge, the district court shall resentence Dearborn on all counts,

---

Iowa." Although the allegations implicate section 719.7(3)(a) and (c), Dearborn was ultimately adjudged guilty of only possession of a controlled substance within a jail, necessarily implicating only section 719.7(3)(c).

including Dearborn's conviction on the controlled substance count. *See State v. Gines*, 844 N.W.2d 437, 441-42 (Iowa 2014).

If the State cannot establish the required factual basis for the burglary charge, the State did not get the benefit of its plea bargain in exchange for dropping its prosecution of the habitual offender sentencing enhancement and its recommendation of concurrent sentences. Thus, if the State cannot establish the required factual basis for the burglary charge, we must put the State back in the position it was in before making the plea agreement. *See id.* at 442 (citing *State v. Allen*, 708 N.W.2d 361, 369 (Iowa 2006)). Therefore, if the State cannot establish the required factual basis for the burglary charge, the district court should vacate both convictions to return the State to the position it had before the parties' plea agreement. *See id.* Additionally, if this occurs, the State may reinstate the sentencing enhancement it withdrew in contemplation of the plea agreement, file any additional charges supported by the available evidence, and proceed against Dearborn on all charges contained in the trial information, sentencing enhancements, and on any new charges it wishes to file. *See id.* at 442.

**REVERSED IN PART, SENTENCES VACATED, AND REMANDED FOR FURTHER PROCEEDINGS.**

Mullins, J., concurs; Danilson, C.J., concurs specially.

**DANILSON, Chief Judge.** (concurring specially).

I concur in all respects but write to address a concern regarding the charge of possession of a controlled substance within a jail, in violation of Iowa Code section 719.7(3)(a). Dearborn contends he did not understand that he was required to knowingly possess marijuana. I believe the better approach would have been to inform the defendant that he had to have this knowledge before he entered the jail. I specially concur because I believe our result is dictated by the decision in *State v. Canas*, 597 N.W.2d 488, 495-97 (Iowa 1999) (concluding submission to police authority does not negate a finding of a voluntary act of introducing a controlled substance into a detention facility).

Our facts reflect that once inside the jail, Dearborn was asked by Chief Deputy Davis if he possessed any illegal items. However, one author has suggested the officer should ask before entry into the facility if the defendant possesses any controlled substance to satisfy the voluntary act requirement and the mens rea of the offense. Michael Rogers, *Drugs in a Detention Facility*, 36 Ohio N.U. L. Rev. 1145, 1150 (2010) (citing *State v. Cargile*, 916 N.E.2d 775 (Ohio 2012)). I also note that since *State v. Canas* was decided the statute has been broadened and a new offense was added: failing to report a known violation of inducing a controlled substance into a jail, an aggravated misdemeanor. Iowa Code § 719.7(4)(c). Under the new offense, the defendant could seemingly be asked while in the jail or facility, as occurred here. But a requirement that the officer ask the defendant before entering the facility was not required in *Canas*, and thus, the district court did not err. Accordingly, I concur.