[Cite as *State v. Johnson*, 2020-Ohio-6807.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-L-051** |
| MICHAEL L. JOHNSON, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2019 CR 000752.

Judgment: Affirmed.


*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, Ohio 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Melissa A. Blake,* Assistant Public Defender, 125 East Erie Street, Painesville, Ohio 44077 (For Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1} Appellant, Michael L. Johnson, Jr., appeals from the judgment sentencing him, pursuant to the Reagan Tokes Law, to a minimum, indefinite four-year term of imprisonment and a maximum six-year term imprisonment. Appellant challenges the constitutionality of the Law. We affirm.

{¶2} Appellant was charged in a five-count indictment; to wit: Count One, felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(1); Count

Two, abduction, a felony of the third degree, in violation of R.C. 2905.02(A)(1); Count Three, domestic violence, a felony of the fourth degree, in violation of R.C. 2919.25(A); Count Four, domestic violence, a felony of the fourth degree, in violation of R.C. 2919.25(A); and Count Five, domestic violence, a felony of the fourth degree, in violation of R.C. 2919.25(A).

{¶3} Appellant pleaded guilty to all charges; the parties agreed and the court merged Counts Three, Four, and Five with Count One for sentencing purposes. At sentencing, the trial court advised appellant that Count One was a "qualifying offense," thus subjecting appellant to Senate Bill 201, the Reagan Tokes Law, which requires indeterminate sentencing. Trial counsel made no constitutional objection to the provisions of the Reagan Tokes Law before the trial court. The trial court sentenced appellant to a minimum prison term of four years and a maximum term of six years on Count One and 24-months imprisonment on Count Two, concurrent.

{¶4} Appellant now appeals his sentence. Appellant does not specifically challenge the duration of the sentence or the trial court's application of the relevant felony-sentencing factors. Rather, he challenges the constitutionality of the Reagan Tokes law assigning three errors:

{¶5} "[1.] The defendant-appellant's indeterminate prison sentence of four to six years on Count One, which was ordered pursuant to the 'Reagan Tokes Act,' AKA Senate Bill 201, must be reversed as the Reagan Tokes Act unconstitutionally violates the doctrine of separation of powers.

{¶6} "[2.] The defendant-appellant's indeterminate prison sentence of four to six years on Count One, which was ordered pursuant to the 'Reagan Tokes Act,' AKA Senate

Bill 201, violates his constitutional right to trial by jury as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 5 of the Ohio Constitution.

{¶7} "[3.] The defendant-appellant's indeterminate prison sentence of four to six years on Count One, which was ordered pursuant to the 'Reagan Tokes Act,' AKA Senate Bill 201, violates his constitutional rights to fair trial and due process as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 5 & 10 of the Ohio Constitution."

{¶8} On March 22, 2019, the Reagan Tokes law went into effect. The law requires a court imposing a prison term under R.C. 2929.14(A)(1)(a) or R.C. 2929.14(A)(2)(a), on or after the effective date, to order a minimum prison term under that provision and a maximum prison term determined by R.C. 2929.144(B). Appellant's prison term falls within the sentencing category of R.C. 2929.144(B)(3). That provision specifies that, where an offender is being sentenced to more than one felony, but which sentences are ordered served concurrently, the maximum prison term shall be equal to the longest minimum term of any qualifying offense, plus 50 percent of the longest minimum term for the most serious qualifying felony. Here, the trial court sentenced appellant to four years on appellant's most serious qualifying felony (felonious assault, a second-degree felony); and, thus, under the circumstances of this case, his maximum term would be four years plus 50 percent of that term (two years) for a total maximum of six years.

{¶9} The law sets forth a presumption that an offender "shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the

3

offender's presumptive earned early release date, whichever is earlier." R.C. 2967.271(B). A presumptive earned early release date is determined under R.C. 2967.271(F), which permits the sentencing court to reduce the minimum term under certain circumstances. R.C. 2967.271(A)(2). The Department of Rehabilitation and Corrections ("DRC"), however, may rebut the R.C. 2967.271(B) presumption if it determines at a hearing that certain statutorily enumerated factors apply. R.C. 2967.271(C). If the DRC rebuts the presumption, it may maintain the offender's incarceration after the expiration of the minimum prison term or presumptive earned early release date for a reasonable period of time which "shall not exceed the offender's maximum prison term." R.C. 2967.271(D)(1).

{¶10} Appellant asserts the Reagan Tokes Law violates the separation of powers doctrine, his right to a jury trial, and his right to due process. In general, appellant claims the scheme is unconstitutional because it permits the DRC to extend a minimum indeterminate prison sentence to the maximum if it determines, during an extra-judicial hearing, the offender engaged in certain unprosecuted acts under the statute.

{¶11} It is a well-established rule that "'an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.'" *State v. Awan,* 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986), quoting *State v. Childs,* 14 Ohio St.2d 56, 236 N.E.2d 545 (1968), paragraph three of the syllabus; *see State v. Cargile,* 123 Ohio St.3d 343, 2009-Ohio-4939, 916 N.E.2d 775, ¶ 15, citing *Awan* at the syllabus. In other words, "the question of

4

the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court." *Id.* at 122.

{¶12} The waiver doctrine in *Awan*, however, is discretionary. Even where waiver is clear, constitutional challenges to the application of statutes may be heard for the first time on appeal, if the court exercises its discretion to do so, "in specific cases of plain error or where the rights and interests involved may warrant it." *In re M.D.*, 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), syllabus; *see also State v. Weaver*, 11th Dist. Trumbull No. 2013-T-0066, 2014-Ohio-1371, ¶ 12 (noting that "several appellate districts have reviewed constitutionality issues under a plain error standard despite clear waiver of constitutional issues below").

{¶13} Still, a court may review a trial court's judgment for plain error, but this requires an appealing party to demonstrate that, but for plain or obvious error, the outcome of the proceeding would have been otherwise and a reversal is necessary to correct a manifest injustice. *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 464, ¶ 16. The burden of establishing plain error is on the party asserting it. *Id.* Further, this court must presume the constitutionality of a statute. *Klein v. Leis*, 99 Ohio St.3d 537, 2003-Ohio-4779, 79 N.E.2d 633, ¶ 4. As such, legislation "will not be invalidated unless *the challenger* establishes that it is unconstitutional beyond a reasonable doubt." (Emphasis added.) *Arnold v. Cleveland*, 67 Ohio St.3d 35, 39, 616 N.E.2d 163 (1993).

{¶14} In this matter, appellant did not object to the constitutionality of the Reagan Tokes Act before the trial court; as a result, he has forfeited all but plain error. Appellant, however, does not assert the alleged constitutional infirmities are plain error and, in light

of the presumption of constitutionality, we decline to sua sponte fashion such an argument and evaluate our own construction. *See* App.R. 16(A)(7) (requiring briefs to have "[a]n argument containing the contentions of the appellant with respect to each assignment of error * * * with citations to the authorities * * * on which appellant relies."); *State v. Conant*, 4th Dist. Adams No. 20CA1108, 2020-Ohio-4319, ¶ 40 (appellate court declined to address constitutionality of Reagan Tokes Law where appellant did not object and did not argue plain error on appeal); *In re J.A.*, 9th Dist. Lorain No. 15CA01794, 2016-Ohio-871, ¶ 4-5 (appellate court declined to advance a plain-error argument on behalf of an appellant challenging constitutional issue on appeal for the first time).

{¶15} Appellant's assignments of error are accordingly without merit.

{¶16} For the reasons discussed above, the judgment of the Lake County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J.,

MARY JANE TRAPP, J.,

concur.