[Cite as *State v. Craig*, 2025-Ohio-4571.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

    Appellee

v.

Johnny Craig

    Appellant

Court of Appeals No. {48}L-24-1126

Trial Court No. CR0202301746

**DECISION AND JUDGMENT**

Decided: September 30, 2025

* * * * *

Joseph W. Westmeyer, III, Esq., for appellant.

Julia R. Bates, Esq., Lucas County Prosecutor, and
Lorrie J. Rendle, Esq., Assistant Prosecuting Attorney, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} On May 17, 2023, the Lucas County Grand Jury returned a three-count indictment charging appellant, Johnny Craig, with one count each of trafficking in a fentanyl-related compound in violation of R.C. 2925.03(A)(2) and (C)(9)(c), a felony

of the fourth degree (Count 1); trafficking in cocaine in violation of R.C. 2925.03(A)(2) and (C)(4)(a), a felony of the fifth degree (Count 2); and illegal conveyance of drugs onto the grounds of a specified government facility in violation of R.C. 2921.36(A)(2) and (G)(2), a felony of the third degree (Count 3).

{¶ 2} Following a jury trial, Craig was found guilty on all counts. On April 30, 2024, Craig was sentenced to 17 months in prison as to Count 1, 11 months in prison as to Count 2 and 24 months in prison as to Count 3. These counts were all to be served concurrently for a total period of incarceration of 24 months. Craig appeals from this judgment.

**Facts**

{¶ 3} On April 12, 2023, the Northwest Ohio Interdiction Task Force conducted surveillance at the Red Roof Inn off Executive Parkway in Toledo, Lucas County, Ohio. A white Chevrolet Impala was observed driving into the parking lot. A person exited the hotel and entered the vehicle on the passenger's side. Shortly thereafter, that person exited the vehicle. Officers determined that this behavior was indicative of drug trafficking. As the Chevrolet Impala exited the parking lot, a uniformed officer in a marked patrol car was called. Toledo Police Officer Michael Garcia observed the vehicle illegally turned on a red light. A traffic stop was initiated. Upon approaching the vehicle, Garcia noticed a strong smell of marijuana. Appellant was the driver and sole occupant of the vehicle. He was asked [Craig] to step out of the car. Officer Garcia conducted a "patdown" of appellant and did not find any contraband. Officer Garcia further testified

2.

that he was placing Craig under arrest for failure to comply and the smell of marijuana. He was arrested and taken to the Lucas County jail.

{¶ 4} While being further searched at the jail, packets of illegal substances were found in Craig's possession underneath his clothing. Craig was subsequently indicted on three charges which consist of trafficking in fentanyl, trafficking in cocaine and illegal conveyance of drugs onto the grounds of a specified government facility.

{¶ 5} We will note that Craig has counsel representing him in this appeal. However, he made an unequivocal and explicit request for self-representation before the trial court and that request was granted. Craig represented himself throughout the trial.

**Assignments of Error**

{¶ 6} Appellant presents two assignments of error for our review.

Assignment of Error #1: The trial court erred allowing the State to present testimony of a witness not previously disclosed.

{¶ 7} Appellant argues that a specific witness, Tony (Anthony) Barwiler was permitted to testify even though he had not been on any witness list. Barwiler was a Toledo Police Department Detective who was processing, tagging and booking evidence into the Property Room on the day of Craig's arrest.

{¶ 8} The record establishes that Craig filed a "NOTICE OF MOTION" on October 26, 2023 in which, inter alia, he asked for a "list of witnesses on whose testimony the charges against me is found." Craig also filed a "MOTION TO DISMISS"

3.

on October 30, 2023 asking for a dismissal for various reasons, including because "A copy of the accusation and list of witnesses has not been produced."

{¶ 9} The trial court held a hearing on both of these motions on October 31, 2023. At that hearing, the following transpired:

THE COURT: "…. Back to the filing of October 26, Mr. Weglian, did you provide to Mr. Craig a copy of potential witnesses?

MR. WEGLIAN: "Your Honor, the defendant was furnished with copies of all the police reports relating to the incident and in those police reports and the various reports that he has received are the names of the witnesses who would be testifying."

THE COURT: "All right, so you are saying anybody referenced in those police reports are potential witnesses, correct?

MR WEGLIAN: "That is correct, your Honor."

{¶ 10} At the conclusion of the hearing, the trial court denied both motions in their entirety without written opinion. More specifically, the trial court found that no discovery violation had taken place because Barwiler's name was in the discovery materials provided to Craig.

{¶ 11} Crim.R. 16 controls the discovery process and requires each party to provide the name and address of any witness it intends to call at trial, and the rule further imposes a continuing duty to disclose witnesses as they are discovered. *See* Crim.R. 16(I); Crim.R. 16(A). The purpose of the rule is to "prevent surprise and the secreting of evidence favorable to one party. The overall purpose is to produce a fair trial." *State v.*

4.

*Holz*, 2025-Ohio-2711, ¶ 20-23 (6th Dist.), citing *State v. Mitchell*, 47 Ohio App.2d 61, 80, (2d Dist. 1975).

{¶ 12} Crim.R.16(I) states:

(I) Witness List. Each party shall provide to opposing counsel a written witness list, including names and addresses of any witness it intends to call in its case-in-chief, or reasonably anticipates calling in rebuttal or surrebuttal. The content of the witness list may not be commented upon or disclosed to the jury by opposing counsel, but during argument, the presence or absence of the witness may be commented upon.

{¶ 13} This rule is simple and explicit. Even in a digital environment, the rule requires the parties to exchange written witness lists. It does not say that parties may exchange documents from which the identities of potential witnesses may possibly be gleaned but requires the exchange of witness lists. *State v. Bennett*, 2012-Ohio-392, ¶ 6 (9th Dist.).

{¶ 14} In this case, it is undisputed that the record contains no written witness lists as required under Crim R 16 (I). However, the prosecution's violation of a rule governing discovery in criminal proceedings is reversible error only when there is a showing that (1) the prosecution's failure to disclose was willful, (2) disclosure of the information prior to trial would have aided the accused's defense, and (3) the accused suffered prejudice. *State v. Walls,* 2018-Ohio-329, ¶ 26 (6th Dist.).

{¶ 15} The admission of evidence is within the discretion of the trial court and the court's decision will only be reversed upon a showing of abuse of that discretion. *State v. Barnes*, 94 Ohio St.3d 21, 23 (2002); *State ex rel. Sartini v. Yost*, 2002-Ohio-3317, ¶ 21.

5.

The term 'abuse of discretion' implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Gimex Props. Corp. v. Reed,* 2022-Ohio-4771, ¶ 49 (6th Dist.), citing *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶ 16} After reviewing the record, we cannot say that the trial court abused its discretion by permitting Barwiler to testify at trial. Although the prosecutor's failure to file a witness list was a violation of Crim.R. 16(I), the record does not reflect that the prosecutor willfully kept Barwiler's name from appellant. Rather, it appears from the record that the prosecutor mistakenly believed that he had no obligation to file a witness list because Barwiler's name and badge number was overtly displayed on the discovery material in State's Exhibit # 17. *See Middleburg Hts. v. Lasker*, 2016-Ohio-5522, ¶ 15-17 (8th Dist.). Further, at the October 30, 2023 hearing, the prosecutor put Craig on notice that anyone listed on the discovery materials was a potential witness.

{¶ 17} At trial, Craig objected to the testimony of Barwiler by stating "He has no firsthand knowledge whatever he is talking about but is void for real how he took stuff into evidence after I was illegally taken to jail." When asked by the trial court if he had any questions for Barwiler, appellant declined and chose not to engage in any cross examination.

{¶ 18} Craig made no argument or plea to the trial court that he was prejudiced by the failure of Barwiler to be more explicitly listed on a separately written prosecution witness list. His objection appeared to be based upon hearsay testimony and competence of the witness.

6.

{¶ 19} In his appeal to this court however, Craig argues that he was prejudiced by not being prepared to cross-examine Barwiler. However, he made no plea to the trial court for more time to prepare or move for a continuance to become more prepared to cross-examine Barwiler. Obviously, Craig's claim of prejudice was not presented to the trial court. His argument for reversal before this court is a different theory only advanced in his appeal.

{¶ 20} Even though Craig represented himself at trial, pro se litigants are presumed to have knowledge of the law and legal procedures and are held to the same standard as litigants who are represented by counsel. *In re Application of Black Fork Wind Energy, L.L.C.,* 2013-Ohio-5478, ¶ 22, citing *State ex rel. Fuller v. Mengel*, 2003-Ohio-6448, ¶ 10.

{¶ 21} Moreover, a pro se litigant may not be given any greater rights than a party represented by counsel and bears the consequences of any litigation mistakes. *Walker v. Metropolitan Environmental Services, Inc.,* 2018-Ohio-530, ¶ 4 (6th Dist.), citing *HSBC Bank United States NA v. Beins*, 2014-Ohio-56, ¶ 6 (6th Dist.).

{¶ 22} It is well-established that a party cannot raise any new issues or legal theories for the first time on appeal. Litigants must not be permitted to hold their arguments in reserve for appeal, thus evading the trial court process. *Angotti v. Jones*, 2024-Ohio-3222, ¶ 16 (6th Dist.).

{¶ 23} Nevertheless, assuming arguendo that the trial court improperly permitted Barwiler to testify at trial, we find that any resulting error was harmless pursuant to

7.

Crim.R. 52(A). Crim.R. 52(A) provides, "any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Barwiler's testimony about what evidence he logged into the property room was neither unfairly prejudicial to appellant nor affected his substantial rights. There is no reasonable probability that the trial court's error—if any—contributed to the outcome of the trial.

{¶ 24} Based on the foregoing analysis, appellant's first assignment of error is overruled.

{¶ 25} Appellant's second assignment of error claims that "The Jury Verdict was Against the Manifest Weight of the Evidence Presented at Trial."

{¶ 26} Craig argues that his conviction for a violation of R.C. 2921.36(A)(2) and (G)(2), illegal conveyance of drugs onto the grounds of a specified government facility, requires that an accused "knowingly" convey or attempt to convey drugs of abuse into a government facility. He reasons that since he was arrested and taken into the facility against his will, he did not act in a manner to convey drugs of abuse into the detention facility.

{¶ 27} Although appellant has captioned this assignment of error as a manifest weight argument, his assertions attack the credibility of the witnesses and the sufficiency of the evidence presented at trial.

{¶ 28} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Greene,* 2025-Ohio-1096, ¶ 65-67 (6th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380 (1997), paragraph

8.

two of the syllabus. Sufficiency "is a test of adequacy," or whether there is sufficient evidence on every element of each offense. *Id*. In contrast, a challenge based on the weight of the evidence addresses the state's burden of persuasion. *Id.*

{¶ 29} At the outset, Craig challenges the "the credibility of the evidence against him at trial." In this appeal, Craig argues that "There was no evidence presented by the State indicating when the drugs actually where (sic) put in his clothes." The uncontroverted testimony of Lucas County Sheriff's Office Corrections Officer Anthony Rodriguez is that he conducted a mandatory strip search of Craig once booked into jail. When Craig removed his underwear, a plastic bag containing smaller baggies of what appeared to be drugs fell to the floor. Craig never contested the source of the drugs at trial. Officer Rodriquez's credibility was not challenged in the trial court. Any credibility issue involving this witness that Craig now seeks to raise was not preserved by objection at trial. It is a general rule that an appellate court will not consider any error for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. Such errors are waived. *State v. Campbell*, Ohio St. 3d 38, 40–41 (1994).

### Sufficiency

{¶ 30} Craig next argues that the State failed "to present sufficient evidence to support the fact that Defendant's actions were done knowingly."

{¶ 31} Sufficiency of evidence is a term of art for applying the legal standard to determine whether the evidence is legally sufficient to support the verdict as a matter of

9.

law. *State v. Kimble*, 2025-Ohio-310 (6th), citing *Toledo v. Manning*, 2019-Ohio-3405 (6th Dist.) ¶13, citing *Thompkins* at 386. The test for sufficiency is one of adequacy, or "whether the evidence, if believed, can sustain the verdict as a matter of law." *Manning* at ¶ 12, citing *State v. Myers*, 2018-Ohio-1903, ¶ 132. Indeed, in making that determination, the appellate court will not weigh the evidence or assess the credibility of the witnesses. *State v. Walker*, 55 Ohio St.2d 208, 212, (1978).

{¶ 32} R.C. 2921.36 (A)(2) states:

> (A) No person shall knowingly convey, or attempt to convey, onto the grounds of a detention facility or of an institution, office building, or other place that is under the control of the department of mental health and addiction services, the department of developmental disabilities, the department of youth services, or the department of rehabilitation and correction any of the following items:
> **\*\*\*\***
> (2) Any drug of abuse, as defined in section 3719.011 of the Revised Code;

{¶ 33} Craig does not dispute he was taken into the Lucas County jail and that the Lucas County jail is a detention facility. Nor does he contest that the contraband that fell out of his underwear was a drug of abuse. He only disputes that he "knowingly" conveyed these drugs into the facility.

{¶ 34} The Supreme Court of Ohio is not unfamiliar with the rationale of Craig's contention. In *State v. Cargile*, Cleveland Cargile was arrested on charges of robbery. At the time of the arrest, the arresting officer conducted a pat-down search of Cargile. Another pat-down by the arresting officer was conducted before Cargile was placed into

10.

the police car for transport to the detention facility. The officer did not discover any illegal weapons or drugs in Cargile's possession as a result of these searches. Prior to taking Cargile into the detention facility for processing, the arresting officer admonished Cargile twice that he should tell the officer if he had any drugs or weapons on him because bringing such items into the jail would likely cause him to be charged with a felony. Cargile responded that he did not possess anything that the officer needed to be concerned about. An officer conducted a search of Cargile in the detention facility before he was placed in a jail cell. Suspicious of Cargile's evasive leg movements during this search, the officer focused his search on Cargile's legs and discovered marijuana hidden inside one of Cargile's pants cuffs. *State v. Cargile,* 2009-Ohio-4939, ¶ 2-4.

{¶ 35} Like Craig, Cargile was charged with violating R.C. 2921.36(A)(2), which prohibits the knowing conveyance, or attempted conveyance, of any drug of abuse onto the grounds of a detention facility. The sole issue presented Cargile's appeal was whether Cargile voluntarily conveyed drugs into the jail. *Id.*¶ 11.

{¶ 36} The court stated:

> Under fundamental concepts of criminal law, a person is not guilty
> of an offense unless both of the following apply:
>
> (1) The person's liability is based on conduct that includes either a
> voluntary act, or an omission to perform an act or duty that the
> person is capable of performing [i.e., the actus reus];
> (2) The person has the requisite degree of culpability for each
> element as to which a culpable mental state is specified by the
> section defining the offense [i.e., the mens rea]." R.C. 2901.21(A).
> *State v. Cargile,* 2009-Ohio-4939, ¶¶ 8-11, 123 Ohio St. 3d 343,
> 344, 916 N.E.2d 775, 776–77

11.

{¶ 37} The court found that Cargile's conduct constituted a voluntary act. It further concluded that although Cargile did not have any choice whether to go to jail following his arrest, the fact that his entry into the jail was not of his volition does not make his conveyance of drugs into the facility an involuntary act. The court reasoned that "he was made to go into the detention facility, but he did not have to take the drugs with him. *Id.* ¶ 13.

{¶ 38} Craig has not otherwise raised any constitutional issues with respect to the statute or his Fifth Amendment rights and we will not raise them herein.

{¶ 39} We find that the state set forth sufficient evidence that, if believed by the trial court as trier of fact, could establish that Craig violated R.C. 2921.36 (A)(2) by conveying a drug of abuse onto the grounds of a detention facility.

### Manifest Weight

{¶ 40} To evaluate a manifest-weight claim, we must review the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of all the witnesses." *State v. McKelton*, 2016-Ohio-5735, ¶ 328. We must decide if the jury clearly lost its way in resolving conflicts in the evidence to create a manifest miscarriage of justice such that the conviction must be reversed and a new trial ordered. *Id.* A manifest-weight claim questions the effect of the evidence in inducing belief of appellant's guilt by questioning whether the jury could find the inclination of a greater amount of credible

12.

evidence was admitted at trial to sustain that decision than not. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

**{¶ 41}** In support of his argument Craig argues that there was "no testimony that Defendant was warned to turn over any contraband because he was being taken into the Lucas County Jail." The record of the trial is contrary.

**{¶ 42}** Officer Brian Kennedy, one of the arresting officers on the scene testified:

Q. Okay. Now when you We're at the scene with Mr. Craig, did you have any conversations with Mr. Craig relating to any drugs being taken into the Lucas County Jail?

A. I did give him the opportunity to give us what we thought was what we call sometimes, keister or hidden on his body. He denied having anything on him. I told him it was an F5 on the street. It is an F3 inside the jail.

**{¶ 43}** Even if Craig was not given warnings, his argument is unavailing. Nothing in the statute requires law enforcement officers to provide Craig warnings of the consequences of bringing drugs into the jail. *State v. Keister,* 2022-Ohio-856 ¶ 68 (2d Dist.), citing *State v. Cole*, 2010-Ohio-6639, ¶ 9 (8th Dist.).

**{¶ 44}** Further, in line with Cargile, appellate courts addressing whether the state presented sufficient evidence to support an illegal conveyance conviction likewise omit reference to written authorization or written internal rules of the facility. *State v. Childs*, 2024-Ohio-4699, ¶ 48-49 (10th Dist.).

**{¶ 45}** Craig's challenge to the weight of the evidence regarding his conviction for illegal conveyance is without merit. We find his second assignment of error to be not well-taken and denied.

13.

## Conclusion

{¶ 46} The judgment of the Lucas County Court of Common Pleas is affirmed.

{¶ 47} Pursuant to App.R. 24, Appellant is hereby ordered to pay the costs

incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

| Thomas J. Osowik, J. | [[Applied Signature]] |
| | JUDGE |
| Christine E. Mayle, J. | [[Applied Signature 2]] |
| | JUDGE |
| Charles E. Sulek, P.J. | [[Applied Signature 3]] |
| CONCUR. | JUDGE |

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.