[Cite as *State v. Bennett*, 2012-Ohio-392.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 10CA0061 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAMES V. BENNET III | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. CRB-10-08-01118 |

DECISION AND JOURNAL ENTRY

Dated: February 6, 2012

BELFANCE, Presiding Judge.

{¶1} Appellant, James Bennett, appeals his convictions by the Wayne County Municipal Court. This Court affirms.

I.

{¶2} Nichole Graf's truck crashed into the wall of the Orville Police Department on August 11, 2010. According to Ms. Graf, the accident happened because she lost control of the vehicle during an argument with her ex-boyfriend, Mr. Bennett, who had restrained her arms so that she could not steer. Mr. Bennett left the scene with Ms. Graf's cell phone. Later that evening, another former boyfriend of Ms. Graf's received a text message from her phone that said she had a sexually transmitted disease. When police arrested Mr. Bennett the next day, he had injuries consistent with the car accident and was carrying Ms. Graf's cell phone. The trial court found Mr. Bennett guilty of telephone harassment in violation of R.C. 2917.21(A)(1), theft

in violation of R.C. 2913.02(A)(1), and assault in violation of R.C. 2903.13 and sentenced him to three consecutive thirty-day jail terms and a fine for each offense. Mr. Bennett appealed.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DENYING MR. BENNETT FROM ENTERING EVIDENCE OF THE PAST TRAFFIC CONVICTIONS OF THE COMPLAINING WITNESS.

{¶3} Mr. Bennett's first assignment of error is that the trial court erred by excluding evidence of Ms. Graf's record of traffic violations as irrelevant. Mr. Bennett's argument regarding this assignment of error, however, consists of approximately two short paragraphs that contain no citations to relevant authority, as required by App.R. 16(A)(7) and Loc.R. 7(B)(7). Accordingly, we decline to address his first assignment of error, and it is overruled on that basis. *See, e.g., State v. Murphy*, 9th Dist. No. 24753, 2010-Ohio-1038, ¶ 12.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN PERMITTING THE TESTIMONY OF A WITNESS WHO WAS NOT DISCLOSED TO MR. BENNETT PURSUANT TO CRIMINAL RULE OF PROCEDURE 16(I).

{¶4} In his second assignment of error, Mr. Bennett argues that the State did not give adequate notice under Crim.R. 16(I) that Bob Smith, who testified that he received an inappropriate text message from Ms. Graf's cell phone, would be a witness at trial.

{¶5} Crim.R. 16(I) requires each party in a criminal case to "provide to opposing counsel a written witness list, including names and addresses of any witness it intends to call in its case-in-chief, or reasonably anticipates calling in rebuttal or surrebuttal." The State has maintained that it identified Mr. Smith as a witness by providing a copy of police reports and informing Mr. Bennett of its intention to call all of the individuals mentioned therein, and the

trial court permitted his testimony on this representation. The record, however, does not contain copies of those responses or any witness lists.

{¶6} Crim.R. 16(A) explains the overarching purposes of the discovery rules as set forth in the amendments effective July 1, 2010:

> **Purpose, Scope and Reciprocity**. This rule is to provide all parties in a criminal case with the information necessary for a full and fair adjudication of the facts, to protect the integrity of the justice system and the rights of defendants, and to protect the well-being of witnesses, victims, and society at large.

(Emphasis sic.) In light of these purposes, this Court believes that when Crim.R. 16 requires the parties to exchange witnesses lists, the rule means exactly what it says. It does not say that parties may exchange documents from which the identities of potential witnesses may possibly be gleaned, but requires the exchange of witness lists. We are aware that we have approved the exchange of documents in the past under a prior version of Crim.R. 16. *See State v. Standen*, 9th Dist. No. 05CA008813, 2006-Ohio-3344, ¶ 16. Nonetheless, an actual witness list is what the rule requires, and it is not an onerous requirement.

{¶7} In this case, notwithstanding the State's lack of compliance with Crim.R. 16, Mr. Bennett admitted in his own testimony that he sent the text message at issue to Mr. Smith, and thus any error with respect to Mr. Smith's testimony is harmless beyond a reasonable doubt. *See generally* Crim.R. 52(A). *See also State v. Cunningham*, 105 Ohio St.3d 197, 2004-Ohio-7007, ¶ 49-50 (concluding that the defendant failed to show prejudice with respect to an alleged violation of Crim.R. 16.).

{¶8} Mr. Bennett's second assignment of error is overruled.

### III.

{¶9} Mr. Bennett's assignments of error are overruled, and the judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

MOORE, J.
CONCURS

CARR, J.
CONCURS IN JUDGMENT ONLY

APPEARANCES:

RYAN RAMAGE, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Proecuting Attorney, and LATECIA E. WILES, Assistant Prosecuting Attorney, for Appellee.