[Cite as *State v. Alesci*, 2016-Ohio-90.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

ROBERT L. ALESCI

    Appellant

C.A. No.     27615

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 2014 05 1432

DECISION AND JOURNAL ENTRY

Dated: January 13, 2016

HENSAL, Presiding Judge.

{¶1} Robert Alesci appeals his conviction for theft from the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} The Grand Jury indicted Mr. Alesci for theft for allegedly tampering with a Secure Remote Alcohol Monitor (SCRAM) device and failing to return it. At a trial to the bench, the State called Jonathan Turney, the officer in charge of the electronic monitoring program. Mr. Alesci objected to his testimony, arguing that the State had failed to provide him with a witness list. The court overruled his objection. Based on Mr. Turney's testimony, the court found Mr. Alesci guilty of theft. It sentenced him to six months of incarceration, which it suspended on the condition that he complete one year of community control. Mr. Alesci has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW IN ALLOWING TESTIMONY BY A WITNESS WHO WAS NOT DISCLOSED TO THE DEFENSE IN A CRIMINAL RULE 16 WITNESS LIST.

{¶3} Mr. Alesci argues that the trial court erred when it allowed Mr. Turney to testify even though the State failed to disclose him as a witness before trial. He notes that Criminal Rule 16(I) requires each party in a criminal case to provide opposing counsel with a written witness list. He also notes that this Court has recognized that "the rule means exactly what it says[,]" that "an actual witness list is what the rule requires," and that it "is not an onerous requirement." *State v. Bennet*, 9th Dist. Wayne No. 10CA0061, 2012-Ohio-392, ¶ 6. Mr. Alesci argues that, because the State failed to comply with the rule, this Court should hold that his testimony was inadmissible.

{¶4} At trial, the prosecutor alleged that he had provided Mr. Alesci with a witness list as required by Criminal Rule 16(I). He admitted that Mr. Turney's name was not on that list because Mr. Turney was not the electronic monitoring officer at the time the list was prepared. When the prosecutor explained that the person named in the provided witness list was no longer employed as the electronic monitoring officer and that Mr. Turney had taken over the position, the court overruled Mr. Alesci's objection.

{¶5} It is not clear from the record that the State failed to comply with Criminal Rule 16(I). Even if it did, Rule 16(L)(1) "allows the trial court to 'grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances.'" *State v. Price*, 9th Dist. Medina No. 14CA0070-M, 2015-Ohio-5043, ¶ 6, quoting Crim.R. 16(L)(1). The court must "impose the least severe

sanction" that is consistent with the purpose of the rule. *Lakewood v. Papadelis*, 32 Ohio St.3d 1 (1987), paragraph two of the syllabus; *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, ¶ 41. We review the trial court's decision for an abuse of discretion. *Price* at ¶ 7. "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." *Darmond* at ¶ 34.

{¶6} At trial, Mr. Alesci did not allege that he was prejudiced by the fact that he did not receive a witness list with Mr. Turney's name. He did not request a continuance nor did he argue that a less severe sanction, such as a continuance of the bench trial, would fail to remedy the alleged rule violation. Furthermore, Mr. Alesci has not explained in his appellate brief why the only adequate remedy was to prohibit Mr. Turney's testimony.

{¶7} Upon review of the record, we conclude that Mr. Alesci has not demonstrated that the trial court abused its discretion when it failed to prohibit Mr. Turney from testifying. Mr. Alesci's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND BASED UPON INSUFFICIENT EVIDENCE AS A MATTER OF LAW.

{¶8} Mr. Alesci argues that, after excluding Mr. Turney's testimony as inadmissible, there is insufficient evidence in the record to convict him of theft. For the same reason, he argues that his conviction is against the manifest weight of the evidence. Inasmuch as this Court has rejected Mr. Alesci's argument that Mr. Turney's testimony was inadmissible, his sufficiency and manifest weight arguments are also without merit. Mr. Alesci's second assignment of error is overruled.

4

III.

**{¶9}** Mr. Alesci's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
CONCURS.

MOORE, J.
CONCURRING.

{¶10} I agree with the conclusion reached by the majority, but I write separately to emphasize that, inasmuch as the State had been informed more than two weeks prior to trial that the witness it had subpoenaed was no longer employed with the Stow Municipal Court, the State had a continuing obligation to supplement its disclosures. *See* Crim.R. 16(A). However, under the facts and circumstances present here, the trial court did not abuse its discretion in declining to exclude Mr. Turney's testimony.

APPEARANCES:

NICHOLAS SWYRYDENKO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.