[Cite as *State v. Cutlip*, 2018-Ohio-726.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.    28735 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| ERIC CUTLIP | | STOW MUNICIPAL COURT<br>COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.    2016 TRC 08790 |

## DECISION AND JOURNAL ENTRY

Dated: February 28, 2018

HENSAL, Judge.

{¶1}  Eric Cutlip appeals his convictions for operating a vehicle under the influence and failure to stop after an accident in the Stow Municipal Court.  For the following reasons, this Court affirms in part and reverses in part.

### I.

{¶2}  On the evening of June 16, 2016, Mr. Cutlip lost control of his vehicle, drove off the road, and crashed into a mailbox before landing upside down in a ditch.  He crawled out of the vehicle and went into the nearby woods, returning to the scene about 50 minutes later.  By then, emergency personnel had arrived.  After Mr. Cutlip identified himself as the driver of the vehicle, Officer Michael Plesz arrested him for failure to stop after an accident.  Back at the police station, the officer had Mr. Cutlip perform field sobriety tests.  Following those tests, Officer Plesz also charged Mr. Cutlip with operating a vehicle under the influence.

{¶3}    Mr. Cutlip moved to suppress the evidence against him, arguing that Officer Plesz did not have probable cause to arrest him because the accident did not occur on a public road. He also argued that the field sobriety tests were not conducted in substantial compliance with national standards. Following a hearing, the municipal court denied his motion. A jury found him guilty of the offenses, and the court sentenced him to 180 days in jail. Mr. Cutlip has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS, AS THERE WAS NO PROBABLE CAUSE TO ARREST APPELLANT WITH A VIOLATION OF MACEDONIA ORDINANCE 335.12. ALL EVIDENCE AND CHARGES OBTAINED, AFTER THE INITIAL ARREST, ARE FRUIT OF THE POISONOUS TREE.

{¶4}    Mr. Cutlip argues that the court incorrectly denied his motion to suppress. A motion to suppress presents a mixed question of law and fact:

When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Internal citations omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

{¶5}    Mr. Cutlip argues that Officer Plesz did not have probable cause to arrest him for failing to stop after an accident because the only damage he caused was to property that was off the road. He, therefore, argues that he had 24 hours to report the accident to police.

{¶6}    The municipal court determined that Officer Plesz had probable cause to arrest Mr. Cutlip for failure to stop after an accident. It also determined that, even if the officer did not

arrest Mr. Cutlip under the correct ordinance, "the court would still find probable cause to arrest [Mr. Cutlip] for OVI at the scene." In his brief, Mr. Cutlip has contested the municipal court's determination that Officer Plesz had probable cause to arrest him for failing to stop after an accident, but he has not contested the court's determination that the officer also had probable cause to arrest him for operating under the influence. It is not the duty of this Court to develop an argument for him. *State v. Grad*, 9th Dist. Medina No. 15CA0014-M, 2016-Ohio-8388, ¶ 15. Because Mr. Cutlip has not challenged the court's alternative reason for finding that probable cause existed, we conclude that he has failed to establish that the municipal court incorrectly denied his motion to suppress. Mr. Cutlip's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN OVERRULING THE MOTION FOR ACQUITTAL PURSUANT TO CRIM.R. 29.

**{¶7}** Mr. Cutlip next argues that the municipal court incorrectly denied his motion for acquittal. Specifically, he argues that the State presented insufficient evidence to convict him of failure to stop after an accident. Under Criminal Rule 29(A), a defendant is entitled to a judgment of acquittal on a charge against him "if the evidence is insufficient to sustain a conviction * * *." Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In making this determination, we must view the evidence in the light most favorable to the prosecution:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶8} The jury found Mr. Cutlip guilty of violating Macedonia Ordinance 335.12. It provides:

> In the case of a motor vehicle accident or collision with persons or property on a public road or highway, the operator of the motor vehicle, having knowledge of the accident or collision, immediately shall stop the operator's motor vehicle at the scene of the accident or collision. The operator shall remain at the scene of the accident or collision until the operator has given the operator's name and address and, if the operator is not the owner, the name and address of the owner of that motor vehicle, together with the registered number of that motor vehicle, to all of the following:
>
> A.  Any person injured in the accident or collision;
>
> B.  The operator, occupant, owner or attendant of any motor vehicle damaged in the accident or collision;
>
> C.  The police officer at the scene of the accident or collision.

Codified Ordinance of the City of Macedonia, Ohio 335.12(a)(1). Mr. Cutlip argues that he could not be convicted under that ordinance because he did not collide with an individual, a vehicle, or property on the roadway, only property adjacent to the road. The municipal court denied his motion because Mr. Cutlip lost control of his vehicle while on a public roadway, left markings on the road, and only then proceeded off the roadway onto private property.

{¶9} We agree with Mr. Cutlip. Under the plain language of the ordinance, the accident or collision must occur on a public roadway. In this case the only collisions occurred off the roadway when Mr. Cutlip crashed into a mailbox and a ditch. Although not every "accident" requires a collision, Mr. Cutlip's mere failure to control his vehicle on the roadway did not constitute an accident. We note that the term "accident" is not defined in Macedonia's Codified Ordinances. If a word is not defined in an ordinance, it will be given its common and ordinary meaning. *City of Cuyahoga Falls v. Kobulnicky*, 9th Dist. Summit No. 20972, 2002-Ohio-3742, ¶ 12. The term "accident" ordinarily means "[a]n unintended and unforeseen

injurious occurrence; something that does not occur in the usual course of events or that could not be reasonably anticipated." *Black's Law Dictionary* 15 (8th Ed.2004).

{**¶10**} Other Ohio district courts, construing Revised Code Section 4549.02(A), which is identical to the ordinance, are in agreement that the accident or collision must occur on a public road or highway. *See* R.C. 4549.02(A). In *State v. Clark*, 5th Dist. Stark No. CA-7544, 1988 Ohio App. LEXIS 5374 (Dec. 28, 1988), the Fifth District Court of Appeals held that the driver, whose vehicle slid into a telephone pole that was next to the road, did not fail to stop for an accident because there was no "property 'upon any of the public roads or highways'" that was damaged. *Id.* at *3, quoting former R.C. 4549.02; *see State v. Mills*, 5th Dist. Knox No. 14CA9, 2014-Ohio-3563, ¶ 9 (following *Clark*). In *State v. Spence*, 12th Dist. Clermont No. CA2002-02-012, 2002-Ohio-3600, the Twelfth District Court of Appeals held that the driver, whose vehicle slid into a utility pole in inclement weather, also did not violate Revised Code 4549.02, explaining that "[t]he facts of this case are more compatible with R.C. 4549.03 as they involve a collision with property located adjacent to a highway." *Id.* at ¶ 13, 14.

{**¶11**} Upon review of the record, we conclude that, viewing the evidence the State submitted in a light most favorable to it, there was insufficient evidence to convince the average mind of Mr. Cutlip's guilt beyond a reasonable doubt. *See Jenks*, 61 Ohio St.3d 259, at paragraph two of the syllabus. We, therefore, conclude that the municipal court incorrectly denied his motion for judgment of acquittal under Criminal Rule 29(A) as to the charge of failure to stop after an accident. Mr. Cutlip's second assignment of error is sustained as to that conviction.

III.

{¶12} Mr. Cutlip's first assignment of error is overruled. His second assignment of error is sustained as to his conviction for failure to stop after an accident. The judgment of the Stow Municipal Court is affirmed in part and reversed in part, and this matter is remanded for proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

KRISTOPHER K. HILL and THOMAS J. DEBACCO, Attorneys at Law, for Appellant.

MARK V. GUIDETTI, Law Director, for Appellee.