[Cite as *State v. Pieronek*, 2019-Ohio-4305.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 18AP0031 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DEAN M. PIERONEK | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2017 TR-D 008266 |

DECISION AND JOURNAL ENTRY

Dated: October 21, 2019

SCHAFER, Judge.

{¶1} Defendant-Appellant, Dean M. Pieronek, appeals from his conviction in the Wayne County Municipal Court. For the reasons that follow, this Court reverses.

I.

{¶2} On August 11, 2017, Mr. Pieronek, in the course of his employment as a driver for FedEx, was operating a truck along his route through Apple Creek in Wayne County. While driving the truck on Bank Street, Mr. Pieronek "heard a big bang" and immediately stopped his truck. He noticed a wire on the truck and, according to Mr. Pieronek, he informed a FedEx dispatcher "about hitting a wire and the damage to the poles." Mr. Pieronek indicated that he waited approximately ten minutes to hear back from the dispatcher, who then instructed him to continue on his route and fill out an incident report when he got back. Mr. Pieronek left the scene and continued on his route to his next stop at a business located on Apple Creek Road.

Thereafter, Mr. Pieronek proceeded toward another stop on his route, but was forced to park his truck until he completed a mandatory half hour break.

{¶3} Meanwhile, a witness looking out of a window in the front room of his house had observed the FedEx truck get hooked on something at the intersection of Bank Street and County Road 44. He saw a wire come out of the transformer, followed by a shower of sparks, and the lights going out. The witness, who resides on West Wood Drive in Apple Creek, contacted the Wayne County Sheriff's office to report the incident. The witness also contacted the electric service provider to report the downed power line and approximately five or six poles. After the Highway Patrol arrived, the witness gave a statement to Trooper Hannah Hill.

{¶4} While on his mandatory break, Mr. Pieronek received a message from a FedEx dispatcher instructing him to return to the location where he had struck the wire. Mr. Pieronek met with Trooper Hill and gave a statement. Trooper Hill cited Mr. Pieronek for violating R.C. 4506.15(A)(11).

{¶5} The complaint filed in the Wayne County Municipal Court originally charged Mr. Pieronek for violating R.C. 4506.15(A)(11). Upon the State's motion, the charge was later amended to charge Mr. Pieronek for failure to stop after an accident under R.C. 4549.02, a misdemeanor of the first degree. Mr. Pieronek entered a plea of not guilty to the charge.

{¶6} The matter was set for trial and, after several continuances of the trial date, the matter proceeded to a bench trial. After the State presented its case, Mr. Pieronek moved the trial court for a judgment of acquittal pursuant to Crim.R. 29. The trial court overruled the motion. As trial counsel for Mr. Pieronek presented his case, the State moved to exclude all of his witnesses on the grounds that he failed to provide a witness list. The trial court granted the motion, and Mr. Pieronek was the only witness permitted to testify in his defense.

{¶7}   The trial court found Mr. Pieronek guilty of "hit skip" in violation of R.C. 4549.02.  The trial court sentenced Mr. Pieronek to a six-month license suspension and fined him five hundred dollars.  Mr. Pieronek appealed his conviction raising six assignments of error for our review.  For ease of analysis, we consolidate certain assignments of error.

II.

### Assignment of Error I

**The trial court committed prejudicial error by not granting defense counsel's [Crim.R.] 29 motion, since it was undisputed that the incident in question did not involve a collision with either a pedestrian or another motor vehicle nor did it occur upon public road or highway as required by R.C. 4549.02 and the controlling case law.**

### Assignment of Error II

**The evidence presented at trial was insufficient to sustain a finding of guilt for hit-skip pursuant to R.C. 4549.02.**

{¶8}   In his first assignment of error, Mr. Pieronek contends that the trial court erred by denying his Crim. R. 29 motion for judgment of acquittal.  In his second assignment of error, he contends that his conviction was not supported by sufficient evidence.  Both assignments of error are premised upon the same argument: that the State failed to present sufficient evidence to show that the collision occurred with "property upon the roadway" in order to satisfy the elements of R.C. 4549.02.

{¶9}   Crim.R. 29(A) provides that a trial court shall enter a judgment of acquittal upon motion after the evidence on either side is closed, "if the evidence is insufficient to sustain a conviction of such offense[.]"  A challenge to the sufficiency of a criminal conviction presents a question of law, which we review de novo.  *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).  In carrying out this review, our "function * * * is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the

defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. After such an examination and taking the evidence in the light most favorable to the prosecution, we must decide whether "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id*.

{¶10} R.C. 4549.02 (A)(1) states in pertinent part: "[i]n the case of a motor vehicle accident or collision with persons or property on a public road or highway, the operator of the motor vehicle, having knowledge of the accident or collision, immediately shall stop the operator's motor vehicle at the scene of the accident or collision."

{¶11} In support of his sufficiency argument, Mr. Pieronek cites to *State v. Cutlip*, 9th Dist. Summit No. 28735, 2018-Ohio-726. In *Cutlip*, this Court found insufficient evidence to support a conviction for failure to stop where the collision occurred after Mr. Cutlip left the roadway, collided with a mailbox adjacent to the road, and landed in a ditch. Recognizing in *Cutlip* that the accident did not, as it must, "occur on a public road or highway[,]" we concluded that the trial court erred by denying Mr. Cutlip's Crim.R. 29 motion for judgment of acquittal. *Id*. at ¶ 10-11; *see* R.C. 4549.02(A).

{¶12} Despite Mr. Pieronek's insistence that the outcome in *Cutlip* is determinative of this case, the facts of the present matter are wholly distinguishable from the facts at issue in *Cutlip*. Here, Mr. Pieronek does not claim that the collision occurred after he left the roadway, nor does he attempt to establish that the overhead wires with which he collided were located *adjacent* to the roadway. In his merit brief, Mr. Pieronek asserts that it is "undisputed" that he "was lawfully driving his FedEx tractor trailer on a road he had travel[ed] many times before when his vehicle somehow caught on overhanging power line." Indeed, such facts are not in dispute. By Mr. Pieronek's own admission, he was operating his vehicle on the road when it

collided with overhanging power lines. Consequently, Mr. Pieronek concedes the very element of R.C. 4549.02 he purports to challenge in his first two assignments of error. Accordingly, and upon our review of the record viewing the evidence submitted in a light most favorable to the State, we cannot conclude that there was insufficient evidence to convince the trier of fact as to Mr. Pieronek's guilt beyond a reasonable doubt.

{¶13} Mr. Pieronek's first and second assignments of error are overruled.

### Assignment of Error III

**The verdict of guilty for hit-skip pursuant to R.C. 4549.02 was against the manifest weight of the evidence.**

{¶14} In his third assignment of error, Mr. Pieronek asserts that the verdict was against the manifest weight of the evidence. When considering an argument that a criminal conviction is against the manifest weight standard, this Court is required to

> review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Courts are cautioned to only reverse a conviction on manifest weight grounds "in exceptional cases," *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 32, citing *Otten* at 340, where the evidence "weighs heavily against the conviction[.]" *Thompkins* at 387.

{¶15} Although Mr. Pieronek's merit brief does set forth the standard of review for a manifest weight challenge, he does not articulate a manifest weight argument. Mr. Pieronek instead asserts that "it is clear that controlling case law was not followed" and briefly reiterates the arguments presented in his first assignment of error. In doing so, Mr. Pieronek fails to provide citations to the parts of the record on which his contention is based and has not presented

an argument supporting his contentions with respect to this assignment of error as required by App.R. 16(A)(7). This court will not create or develop an argument on Mr. Pieronek's behalf. *State v. Jackson*, 9th Dist. Summit No. 28691, 2018-Ohio-1285, ¶ 47, citing *State v. Sadeghi*, 9th Dist. Wayne No. 14AP0051, 2016-Ohio-744, ¶ 32.

**{¶16}** Mr. Pieronek's third assignment of error is overruled.

### Assignment of Error IV

**The trial court denied [Mr. Pieronek] due process by prohibiting all of [his] subpoenaed witnesses from testifying[.]**

**{¶17}** In his third assignment of error, Mr. Pieronek contends that the trial court erred by granting the State's motion to exclude all of his subpoenaed witnesses from testifying. We agree.

**{¶18}** A defendant's "right to offer the testimony of witnesses * * * is in plain terms the right to present a defense," and "[t]his right is a fundamental element of due process of law." *City of Lakewood v. Papadelis*, 32 Ohio St.3d 1, 4-5 (1987), quoting *Washington v. Texas*, 388 U.S. 14, 19 (1967). Yet, where the defendant fails to properly disclose witnesses, it is within the discretion of the trial court "to exclude testimony that is not disclosed in a timely manner in order to prevent surprise and ensure a fair trial." *State v. Calise*, 9th Dist. Summit No. 26027, 2012-Ohio-4797, ¶ 30. However, "the sanction of exclusion may infringe on a criminal defendant's Sixth Amendment right to present a defense, particularly where * * * all the defendant's witnesses are excluded." *Papadelis* at 5.

**{¶19}** Crim.R. 16 regulates discovery in criminal proceedings. The purpose of the "rule is to provide all parties in a criminal case with the information necessary for a full and fair adjudication of the facts, to protect the integrity of the justice system and the rights of defendants, and to protect the well-being of witnesses, victims, and society at large." Crim.R.

16(A). Crim.R. 16(I) provides in pertinent part that "[e]ach party shall provide to opposing counsel a written witness list, including names and addresses of any witness it intends to call in its case-in-chief, or reasonably anticipates calling in rebuttal or surrebuttal." If a party fails to comply with this rule or with an order issued pursuant to this rule, the trial court may "grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances." Crim.R. 16(L)(1).

{¶20} We review a trial court's decision regarding a Crim.R. 16 discovery violation for an abuse of discretion. *State v. Price*, 9th Dist. Medina No. 14CA0070-M, 2015-Ohio-5043, ¶ 7. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). A trial court may abuse its discretion where it fails to engage in a sound reasoning process. *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, ¶ 34. When applying this standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶21} After the close of the State's case, counsel for Mr. Pieronek attempted to call the first witness for the defense. The State objected to the witness testifying on the grounds that Mr. Pieronek had not provided the State with a witness list. Mr. Pieronek's trial counsel countered the State's claim, asserting that the "[w]itnesses were identified," that she issued subpoenas to each witness, and that copies of the subpoenas were provided to the court and also to the State each and every time this case was set for trial.

{¶22} The State acknowledged that they received notice of the subpoenas for the defense witnesses prior to the trial and that they had "received subpoenas every time[.]" However, the State argued that Mr. Pieronek's efforts were insufficient because Crim.R. 16

"dictates and requires" a *list* of witnesses. Citing to this Court's decision in *State v. Bennet*, 9th Dist. Wayne No. 10CA0061, 2012-Ohio-392, the State argued that Mr. Pieronek's failure to provide such a list required the exclusion of the witnesses' testimony.

{¶23} At issue in *Bennet* was the State's act of providing the defendant with a copy of a police report and informing Mr. Bennet of its intention to call as witnesses all of the individuals mentioned therein. Considering the purpose and the language of Crim.R. 16(A), we held that "an actual witness list is what the rule requires," stating:

> this Court believes that when Crim.R. 16 requires the parties to exchange witnesses lists, the rule means exactly what it says. It does not say that parties may exchange documents from which the identities of potential witnesses may possibly be gleaned, but requires the exchange of witness lists.

*Bennet* at ¶ 6. Despite having determined that the State failed to comply with Crim.R. 16(I), this Court went on to conclude that Mr. Bennet failed to show he was prejudiced by the trial court's decision to allow a witness to testify.

{¶24} In the present matter, the trial court reviewed the record and informed the parties of its conclusion that, regardless of the subpoenas identifying the defense witnesses, Mr. Pieronek failed to provide a witness list. The record reflects that counsel for Mr. Pieronek attempted to persuade the trial court that these witnesses were not a surprise to the State, and argued that an adverse ruling regarding the witnesses would prevent Mr. Pieronek from presenting a defense. The trial court declined to consider whether the State was prejudiced or surprised by the witness, indicating instead that the *Bennet* case was "dead on point" and it does not "even get into the whole issue about surprise" before concluding that the court was bound to follow the case in its decision. The trial court then ruled, "in accordance with [*Bennet*,]" that the defense failed to demonstrate that a witness list had been provided to the State prior to trial, sustained the State's objection, and excluded the testimony of Mr. Pieronek's witnesses. After

making its ruling, the trial court permitted counsel to identify the witnesses and make a proffer of their respective testimony.

{¶25} The trial court's application of the holding in *Bennet* to the facts of this case is questionable in and of itself. The record is clear that Mr. Pieronek subpoenaed six witnesses— Trooper Elliot Rawson, Jeremey Carson, Mike Cullop, Ryan Fisher, Joe Hensley, and Rich Stichle—to attend and give testimony at trial on Thursday, May 17, 2018, and served a copy of each subpoena on the assistant prosecuting attorney handling the case. Although these subpoenas do not constitute the single document containing a list of witnesses—which would be the preferred method for ensuring compliance with Crim.R. 16—the subpoenas clearly list and specifically identify the individuals Mr. Pieronek intended to call, contain the information required by Crim.R. 16(I), and were provided to the State prior to trial. This is notably distinguishable from the facts of *Bennet*, where the State handed over a police report and expected the defense to glean from it the witnesses the State might chose to call. Nevertheless, this Court need not reach the merits of that issue.

{¶26} Even if we were to assume that the subpoenas failed to comply with the witness list requirement in Crim.R. 16(I), the question then turns to whether the trial court abused its discretion by imposing this sanction, based solely on the finding that Mr. Pieronek failed to provide the State with a witness list, "to exclude all the witnesses the defendant intended to call, other than the defendant himself." *Papadelis*, 32 Ohio St.3d at 4. Although the trial court concluded that "surprise" to the State was not an appropriate consideration under the court's interpretation of *Bennet*, such a conclusion is not supported by our decision in that case. Moreover, the trial court's interpretation of the law, and ultimately the trial court's decision, are contrary to controlling law.

**{¶27}** Prior to imposing sanctions, "a trial court must inquire into the circumstances surrounding a violation of Crim.R. 16[(I).]" *Papadelis*, at 5. The Supreme Court of Ohio has articulated factors to be considered by the trial court in its inquiry, including: "the extent of surprise or prejudice to the state if the testimony were allowed, the impact that excluding the testimony would have on the trial, whether the violation was willful or in bad faith, and the effectiveness of less severe sanctions" *Darmond*, 2013-Ohio-966 at ¶ 22, citing *Papadelis* at 5. When fashioning an order under Crim.R. 16(L)(1), trial courts may only "impose the least severe sanction" to remedy the discovery violation. *Papadelis* at paragraph two of the syllabus.

**{¶28}** The record reflects that the trial court declined to consider any of the circumstances surrounding the purported discovery violation. To the contrary, the trial court evinced a faulty belief that it was precluded by law from considering whether the prosecution would be surprised or prejudiced by the testimony of witnesses all of whom, the State was admittedly aware, had been subpoenaed to testify at trial. Nor did the trial court take into account the impact that exclusion of all defense witness would have on the trial and on the outcome of the case: effectively denying Mr. Pieronek the ability to present a defense. Furthermore, the record reflects that the trial court did not contemplate *any* alternative to this sanction, much less consider the feasibility of a sanction less severe than the exclusion of Mr. Pieronek's witness.

**{¶29}** Based on the foregoing, we conclude that the trial court abused its discretion. "[T]he trial court did not indicate that it balanced the [S]tate's interests against [Mr. Pieronek's] Sixth Amendment right to present a defense by considering any sanction other than excluding the testimony of his witnesses." *Papadelis*, 32 Ohio St.3d at 5. Thus, without considering whether it was an appropriate sanction, the trial court arbitrarily applied the exceedingly harsh sanction of

excluding the defense's witnesses. Accordingly, Mr. Pieronek's fourth assignment of error is sustained.

## Assignment of Error V

**[Mr. Pieronek] was denied due process and a fair trial d[ue] to the prosecutorial misconduct of the state of Ohio[.]**

## Assignment of Error VI

**[Mr. Pieronek] received ineffective assistance from his trial counsel.**

**{¶30}** In his fifth assignment of error, Mr. Pieronek argues that he was denied due process based on prosecutorial misconduct that deprived him of a fair trial. In his sixth assignment of error, he contends that his trial counsel was ineffective for failure to strictly comply with Crim.R. 16. We decline to address his fifth and sixth assignments of error, having concluded that they are moot in light of this Court's resolution of his fourth assignment of error. *See* App.R. 12(A)(1)(c).

### III.

**{¶31}** Mr. Pieronek's first, second, and third assignments of error are overruled. His fourth assignment of error is sustained, and his fifth and sixth assignments of error are moot. The judgment of the Wayne County Municipal Court is reversed and remanded for proceedings consistent with this decision.

Judgment reversed
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JAMES W. ARMSTRONG, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and ANDREA D. UHLER, Assistant Prosecuting Attorney, for Appellee.