[Cite as *State v. Scheidt*, 2025-Ohio-4552.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    31201 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| STEPHANI NICOLE SCHEIDT | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR 22 10 3784 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2025

HENSAL, Judge.

{¶1} Stephani Scheidt appeals her convictions by the Summit County Court of Common Pleas. This Court reverses.

I.

{¶2} E.W. purchased a 2016 Dodge Ram from Enzo Auto LLC on December 19, 2019. Ms. Scheidt was the sales representative who assisted him with the purchase, and the two became acquainted as a result. E.W. purchased a vehicle for her the day they met. She helped him to find a rental house, and he lived downstairs while she lived upstairs. According to E.W., this situation lasted about two months, and during that timeframe, his truck went missing on three separate occasions. Twice, E.W. recovered the truck. The third time, he did not.

{¶3} On October 8, 2021, a Norton police officer received a call from a car dealership regarding a suspected theft of Dodge Ram that the dealership had purchased from an auto auction. The officer learned that when the dealership tried to transfer the title for inventory purposes, it was

reported as stolen. The officer confirmed through a computer search that the truck had been flagged as stolen by the Cleveland Police Department and that the owner was E.W. A notarized transfer of title appeared to have been signed by both E.W. and Ms. Scheidt in the presence of a notary, but E.W. maintained that he had not signed it. Ms. Scheidt was charged with tampering with records and grand theft of a motor vehicle.

{¶4} A jury trial commenced on June 4, 2024, and after the first day of testimony, the trial court recessed until June 6, 2024. At approximately 11:00 a.m. on June 5, 2024, the State filed a copy of a trial subpoena issued on that date to A.S., who notarized a subsequent transfer of the vehicle to Akron Auto Auction. When trial resumed, the State informed the trial court of its intention to call A.S., noting that although she was not named on the State's witness list, her name appeared on State's Exhibit 8 and, therefore, that the defense was on notice that she could be called. Ms. Scheidt objected, arguing that the State had informed counsel of its intent to call the witness at 1:30 p.m. on the previous day. The defense also asserted that State's Exhibit 8 had not been provided during discovery. Ms. Scheidt's attorneys maintained that with the benefit of time, they would have called additional witnesses who could also describe the events that would be the subject of A.S.'s testimony. Over Ms. Scheidt's objection, the trial court permitted A.S. to testify and allowed the defense ten minutes to talk with her before trial resumed.

{¶5} The jury found Ms. Scheidt guilty of both charges. The trial court sentenced her to two years of community control and ordered her to pay restitution. Ms. Scheidt appealed, assigning four errors for this Court's review.

I.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED IN ALLOWING THE TESTIMONY OF THE STATE'S MOST CRITICAL WITNESS, REVEALED TO MS. SCHEIDT ONLY AFTER THE TRIAL BEGAN AND ON LESS THAN ONE DAY'S NOTICE.

{¶6} In her first assignment of error, Ms. Scheidt argues that the trial court erred by permitting the State to call A.S. as a witness. This Court agrees.

{¶7} Criminal Rule 16 regulates discovery in criminal cases. The purpose of Rule 16 "is to provide all parties in a criminal case with the information necessary for a full and fair adjudication of the facts, to protect the integrity of the justice system and the rights of defendants, and to protect the well-being of witnesses, victims, and society at large." Crim.R. 16(A). With respect to the disclosure of witnesses, Rule 16(I) provides that "[e]ach party shall provide to opposing counsel a written witness list, including names and addresses of any witness it intends to call in its case-in-chief, or reasonably anticipates calling in rebuttal or surrebuttal." Crim.R. 16(I). "We review a trial court's decision regarding a Crim.R. 16 discovery violation for an abuse of discretion." *State v. Pieronek*, 2019-Ohio-4305, ¶ 20 (9th Dist.) This Court has concluded that, given the purposes of the Rule and the clear language of Rule 16(I), "when Crim.R. 16 requires the parties to exchange witness[ ] lists, the rule means exactly what it says. It does not say that parties may exchange documents from which the identities of potential witnesses may possibly be gleaned, but requires the exchange of witness lists." *State v. Bennett*, 2012-Ohio-392, ¶ 6 (9th Dist.).

{¶8} In *Bennett*, the defendant was charged with telephone harassment after he was alleged to have stolen his girlfriend's phone and sent a text message from it that stated she had a sexually transmitted disease. *Id*. at ¶ 2. The recipient of the text had not been disclosed on a

witness list but was mentioned in a police report. *Id.* at ¶ 5. This Court rejected the State's argument that the witness's identity could be gleaned from the report, concluding that "an actual witness list is what the rule requires, and it is not an onerous requirement." *Id.* at ¶ 6. Nonetheless, this Court concluded that any error was harmless because the defendant himself testified that he had sent the text message. *Id.* at ¶ 7.

{¶9} We have addressed *Bennett* in two subsequent cases. In *State v. Alesci*, 2016-Ohio-90 (9th Dist.), the State provided a witness list under Rule 16(I) that named an individual who was no longer employed in the capacity in which he was named. During a bench trial, the State called the individual who had assumed those responsibilities. *Id.* at ¶ 4. This Court noted that even if a violation of Rule 16 had occurred, the defendant did not allege prejudice, request a continuance, or maintain that a continuance was insufficient to remedy the violation. *Id.* at ¶ 6. We also observed that the defendant did not develop an argument on appeal that addressed why excluding the witness's testimony was the only adequate remedy. *Id.* Under these circumstances, this Court concluded that the defendant had not demonstrated that the trial court abused its discretion by permitting the witness to testify. *Id.* at ¶ 7.

{¶10} In *Pieronek*, the defendant did not provide a witness list to the State but subpoenaed six witnesses to testify. *Pieronek*, 2019-Ohio-4305, at ¶ 25 (9th Dist.). The State acknowledged that it had received copies of the subpoenas before trial but moved to exclude the testimony of all defense witnesses except the defendant himself. *Id.* at ¶ 6. The trial court granted the motion, and the defendant was the only witness for the defense. *Id.* With respect to the trial court's conclusion that the defendant failed to comply with Rule 16(I), we observed that a single document containing the names of witnesses "would be the preferred method for ensuring compliance" with the Rule. *Id.* at ¶ 25. This Court noted that "the subpoenas clearly list and specifically identify the

individuals [the defendant] intended to call, contain the information required by Crim.R. 16(I), and were provided to the State prior to trial." *Id.* We concluded that on this basis, the facts were "notably distinguishable from the facts of *Bennet[t]*, where the State handed over a police report and expected the defense to glean from it the witnesses the State might chose to call." *Id.* This Court reversed without reaching a conclusion about the violation of Rule 16(I), however, concluding that the trial court failed to inquire into the circumstances surrounding the violation of Rule 16, including prejudice, as required by Rule 16(L). *Id.* at ¶ 26-27, citing *Lakewood v. Papadelis*, 32 Ohio St. 1, 5 (1987).

{¶11} The State called A.S. to testify about the circumstances surrounding the notarization of State's Exhibit 8, which is the certificate of title for a 2016 Dodge Ram. The front of the certificate of title lists Ms. Scheidt as the owner and E.W. as the previous owner. The back records a transfer from Ms. Scheidt to Squared Auto Inc. on May 5, 2021, and it was notarized by A.S.

{¶12} During the first day of trial, a former investigator from the Bureau of Motor Vehicles testified about her investigation of alleged title fraud involving E.W.'s truck. The investigator explained the entire chain of title for the truck beginning with the transfer of title to E.W. on January 25, 2020. She testified that State's Exhibit 7, which recorded the allegedly fraudulent transaction in question, purported to transfer title from E.W. to Ms. Scheidt on May 3, 2021. The investigator explained that the basis for her investigation was that E.W. claimed that he did not sign the transfer of title to Ms. Scheidt. She testified that she discovered that the notary whose signature appeared on State's Exhibit 7 was deceased on the date that it was signed, and she noted that E.W.'s signature did not look the same as other examples of his signature in the chain of title. She also testified, however, that although Ms. Scheidt's signatures appeared to be the

same across the documents, the signature on file with the BMV for Ms. Scheidt did not match that signature.

{¶13} On the second day of trial, the State maintained that the decision to subpoena A.S. was justified by the investigator's testimony because the cross-examination of the investigator demonstrated a change in defense tactics. Specifically, the Stated represented that "there might be multiple theories of the case, which would include that Stephani Scheidt never even sold the car; that it's not her signature." The State acknowledged that A.S. was not named as a potential witness but maintained that because her name appeared as the notary on State's Exhibit 8, no surprise resulted. The defense, however, maintained that State's Exhibit 8 was not provided until the morning that trial commenced. The defense also argued that permitting a short time for counsel to speak with the witness was insufficient because, with the benefit of notice, the defense would have called additional witnesses to counter A.S.'s testimony. Nonetheless, the trial court permitted A.S. to testify after a ten-minute break to allow the defense to speak with her.

{¶14} A.S. testified that she was employed by Squared Auto when Ms. Scheidt sold a truck to the company on May 5, 2021. She testified that she did not know Ms. Scheidt before that date, but she also testified that she specifically remembered Ms. Scheidt. A.S. explained the procedures that she followed before notarizing a title and testified that she "follow[s] the steps, so [she] would" have done so on that occasion. A.S. did not specifically recall following those procedures – such as checking identification – when she notarized State's Exhibit 8, however. A.S. testified that Ms. Scheidt came into the store to sell the vehicle, that she had the truck with her, and that she took payment in the form of cash and a check. During her cross-examination, A.S. acknowledged that she did not maintain a journal of her notarizations although it was required of her. She also testified that she did not bring any documents substantiating the transaction and

that she did not remember the purchase price. According to A.S., she was only with Ms. Scheidt for a few minutes and did not remember what she was wearing because it had been three years since the transaction.

{¶15} In this case, the State acknowledged that it did not comply with Rule 16(I) by disclosing A.S. as a potential witness. Although A.S.'s name appeared on State's Exhibit 8, the defense also disputed that the exhibit had been provided in discovery before the date on which trial commenced. As this Court concluded in *Bennett*, however, Rule 16 "does not say that parties may exchange documents from which the identities of potential witnesses may possibly be gleaned, but requires the exchange of witness lists." *Bennett*, 2012-Ohio-392, at ¶ 6 (9th Dist.). Moreover, the State's decision to subpoena A.S. at the last minute during a one-day recess in proceedings is distinguishable from the situation present in *Pieronek*, in which the defendant identified six potential witnesses by subpoenaing them before trial started. *Pieronek*, 2019-Ohio-4305, at ¶ 25 (9th Dist.). This case is also distinguishable from *Alesci* because the State did not maintain that A.S. had been disclosed in any way other than through State's Exhibit 8, and Ms. Scheidt argued that she was prejudiced in developing her defense as a result of the State's actions. *Alesci*, 2016-Ohio-90, at ¶ 4, 6 (9th Dist.). The State's failure to disclose A.S. as a potential witness until subpoenaing her mid-trial therefore violated the requirements of Rule 16(I).

{¶16} With respect to prejudice, this Court cannot conclude that the error in this case is harmless. In *Bennett*, the substance of the testimony at issue was duplicated in other testimony. *Id*. at ¶ 7. In this case, however, the State's case relied on documents in the chain of title and testimony related to those documents. During her cross-examination, the investigator acknowledged that the signature in Ms. Scheidt's BMV record did not match the signature on the documents. After her testimony, during a one-day recess, the State subpoenaed A.S., who testified

unequivocally that she had specific memories of her only interaction with Ms. Scheidt, which lasted a matter of minutes and occurred three years earlier. No one else testified that they witnessed the events at issue.

{¶17} Consequently, this Court concludes that the trial court abused its discretion in this case by permitting the testimony of A.S. over Ms. Scheidt's objection. Ms. Scheidt's first assignment of error is sustained.

ASSIGNMENT OF ERROR II

SCHEIDT'S CONVICTIONS WERE SUPPORTED BY IMPROPER OPINION TESTIMONY AS TO THE GENUINENESS OF HER AND E.W.'S HANDWRITING.

ASSIGNMENT OF ERROR III

SCHEIDT'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED BY ORDERING RESTITUTION ABSENT A REQUEST FROM THE STATE, ABSENT A HEARING, AND WITHOUT SPECIFYING A DOLLAR VALUE OR TOWARD WHOM THE AWARD WAS MADE.

{¶18} Ms. Scheidt's second assignment of error maintains that the trial court erred by permitting a lay witness to offer expert testimony regarding a signature comparison. Her third assignment of error is that her convictions are contrary to the manifest weight of the evidence. Her fourth assignment of error argues that the trial court erred by ordering restitution. In light of this Court's resolution of Ms. Scheidt's first assignment of error, her remaining assignments of error are moot. *See* App.R. 12(A)(1)(c).

III.

{¶19}  Ms. Scheidt's first assignment of error is sustained.  Her second, third, and fourth assignments of error are moot.  The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

STEVENSON, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

ANDREW KARAS, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.